# Battenfeld *v.* Kline, Appellant.

*Will—Construction—Conversion of realty into personalty—Vested and contingent interest—Power of sale.*

1. Testatrix gave "all the rest, residue and remainder" of her estate, "real, personal and mixed" to her executor in trust, to collect the interest, rents, issues, profits and income and to pay over the net balance of the same to her husband during his life. She further directed that "at and immediately upon the death" of the husband, the estate "shall be divided in equal shares between such of the children" of the testatrix and her husband "as shall then be living"—naming the children and providing that "if any one or more of the said children shall then be dead leaving issue, such issue shall stand in the place of and be entitled to the share to which such child would have been entitled if such child had survived . . . . in such manner and in such proportion as said issue would inherit the same if such child had died intestate, seized or possessed thereof." She gave the executor power to sell the realty "at any time" at private or public sale, and to convey, to hold or reinvest the proceeds in real estate subject to the same trusts, etc., with the proviso that none of the real estate be sold during the husband's lifetime save by his written consent evidenced by his joinder in the conveyance. *Held*, (1) that no interest passed to the children in the realty as such; (2) that the testatrix contemplated the exercise of the power of sale after her husband's death; (3) that an administrator d. b. n. c. t. a. of the decedent could sell the real estate and give a good title in fee simple.

2. Conversion of realty into personalty is affected (1) by a positive direction to sell the land, which is an express declaration of intention to convert, (2) by an absolute necessity to sell in order to execute the will, and (3) by such a blending of realty and personalty by a testator in his will as to clearly show that he intended to create a fund out of both real and personal estate and to bequeath that fund as money, in both of which latter cases there is an irresistibly implied declaration of intent to convert.

Argued Feb. 28, 1910. Appeal, No. 384, Jan. T., 1909, by defendant, from judgment of C. P. Berks Co., Aug. T., 1909, No. 60, for plaintiff on case stated in suit of Louis Battenfeld, administrator d. b. n. c. t. a. of Esther J. Boas, deceased, *v.* Harry H. Kline. Before Fell, C. J., Brown, Mestrezat, Potter and Stewart, JJ. Affirmed.

Case stated to determine marketable title to real estate.

ENDLICH, P. J., filed the following opinion:

This case stated involves the interpretation of the will of Esther J. Boas dated March 24, 1885, in which she disposes of an estate expressly declared to consist of both realty and personalty. In the second paragraph the testatrix gives "all the rest, residue and remainder" of her estate, "real, personal and mixed," to her executor in trust to collect the interest, rents, issues, profits and income and pay over the net balance of the same to her husband during his life. The next paragraph says that "at and immediately upon the death" of the husband, the estate "shall be divided in equal shares between such of the children" of the testatrix and her husband "as shall then be living,"—naming the children and providing that "if any one or more of the said children shall then be dead leaving issue, such issue shall stand in the place of and be entitled to the share to which such child would have been entitled if such child had survived . . . . in such manner and in such proportion as said issue would inherit the same if such child had died intestate, seized or possessed thereof." The fourth paragraph gives the executor power to sell the realty "at any time" at private or public sale, and to convey, to hold or reinvest the proceeds in real estate subject to the same trusts, etc., with the proviso that none of the real estate be sold during the husband's lifetime save by his written consent evidenced by his joinder in the conveyance.

The husband died February 5, 1909, all the children surviving him except one, who left a widow but no children or grandchildren. On March 8, 1909, the plaintiff was duly appointed administrator d. b. n. c. t. a. of Esther J. Boas, deceased, having previously been appointed trustee under the will by the orphans' court of this county. One of the children, George D. Boas, had before the father's death become insolvent, a receiver of his estate being appointed by the court of common pleas

of Philadelphia county on October 1, 1906. By exemplification from that court a judgment had been entered against him on September 14, 1906, in this court to No. 72, September Term, 1906, which was revived on April 24, 1909, to No. 98, April Term, 1909, for $670.52. Moreover, on February 25, 1909, the receiver filed a bill in equity in this court, to No. 979, Equity Docket, 1909, for partition of the real estate left by Esther J. Boas. Beyond the filing of an answer by George D. Boas, and an agreement relieving the other defendants from presently answering, no steps were taken in that proceeding.

On March 13, 1909, after notice by publication and posting of handbills, the plaintiff exposed to public sale the realty devised by Esther J. Boas and sold a certain part of it to defendant for $5,650, ten per cent thereof being paid down and an agreement entered into for the payment of the balance before May 1, 1909, upon the conveyance of a good title. The plaintiff has been and is ready to deliver a deed executed by himself as administrator d. b. n. c. t. a. of Esther J. Boas, deceased, But defendant demands in addition thereto a quitclaim deed from all the heirs of Esther J. Boas and from the receiver of George D. Boas, the satisfaction of the judgment to No. 98, April Term, 1909, and the withdrawal of the equity proceeding above referred to, before paying the balance of the purchase money. This action is brought to determine the right of the plaintiff to sell and the liability of defendant to pay upon receipt of the conveyance the plaintiff is able to furnish. Obviously that question depends upon whether the children were vested with any interest in the realty devised under the will, as such. This question has been argued by counsel on both sides with exhaustive learning and ability, greatly aiding the court in arriving at the answer that seems to be required in order to satisfy at once the purposes of the testatrix and the authorities applicable to the terms in which they are expressed.

If any interest at all passed to the children in the

realty, it was a contingent and not a vested one. It will
be noticed that whatever gift there is to the children is
to such as shall survive the husband. Moreover, the
only gift to them is in the direction to divide the estate
among them upon the death of the husband. Separately
from, antecedently to, or independently of that direc-
tion there is no gift to them at all. In such case it is
well recognized that the time fixed for the division is
an essential part of the gift implied in the direction for
division, and that the vesting of any interest is post-
poned until then: 2 Jarm. on Wills, 457; 2 Williams on
Executors, 1051, 1052; Magoffin v. Patton, 4 Rawle, 113;
Lamb v. Lamb, 8 Watts, 184; Moore v. Smith, 9 Watts,
403; Seibert's App., 13 Pa. 501; Bowman's App., 34 Pa.
19; Yost's Est., 134 Pa. 426, 434. Of course, this rule
may be overborne by the addition of words of limitation,
showing that the testator's intention was that the children
should take a transmissible interest; as where the gift is
implied from a direction to divide among them or their
heirs: Muhlenberg's App., 103 Pa. 587. But there is no
such language here. On the contrary, there is a distinct
provision that, in the case of the death of any child during
the life of the husband leaving issue (living at the time of
division), such issue shall get the share the child would
have gotten, not indeed by way of inheritance from it, but
by way of substitution "in the place of" such child.

It would seem, however, that no interest whatever was
intended to pass to the children in the realty as such;
in other words, that the will worked a conversion of it
into personalty, so that the judgment against George D.
Boas (see Morrow v. Brenizer, 2 Rawle, 185), and the
partition proceedings instituted by his receiver could
have no possible effect upon the title to be conveyed by
the plaintiff. Conversion of realty into personalty, it is
well understood, is a question of intention expressed or
implied. The rule stated in Hunt's & Lehman's App.,
105 Pa. 128, 141, and restated in Irwin v. Patchen, 164
Pa. 51, 65, and Cooper's Est., 206 Pa. 628, 630, is that it is

effected (1) by a positive direction to sell the land, which is an express declaration of intention to convert; (2) by an absolute necessity to sell in order to execute the will, and (3) by such a blending of realty and personalty by a testator in his will as to clearly show that he intended to create a fund out of both real and personal estate and to bequeath that fund as money; in both of which latter cases there is an irresistibly implied declaration of intent to convert. The requirement to sell, whether expressed or implied, must be unconditional, irrespective of contingencies, independent of discretion and imperative: Cooper's Est., 206 Pa. 631. But where it is clear that the provisions of the will cannot be carried out without a sale, it is not material that the language used in speaking of it is in form permissive and authoritative rather than mandatory, nor that the time of sale is postponed or left to the discretion of the executor: Severn's Est., 211 Pa. 65, 67. And so in the case of a blending of realty with personalty: Tarrance v. Reuther, 185 Pa. 279. The impossibility in such a case of making the division directed of the entire estate without a previous conversion of it into money satisfies the needful clear requirement of a sale of the realty: Laughlin's Est., 131 Pa. 333, 336. The application of these principles, with which the decisions relied on by defendant's counsel are not in conflict, to the will here in question lies upon the surface. The second paragraph gives to the executor all of the testatrix's "estate real, personal and mixed," upon the trust above mentioned, obliterating all distinctions between realty and personalty. The third paragraph directs him, upon the husband's death, to "divide" her "said estate" in equal shares among the children. The "said estate" is of course the "estate, real, personal and mixed," she spoke of in the preceding paragraph: see Klapp's Est., 19 Pa. Superior Ct. 150, 154. There is, therefore, in this direction the same blending of realty and personalty. Nor would it be practicable to carry out this direction to "divide," without a conversion of the whole into money.

As in the will involved in Duffield v. Morris, 8 W. & S. 348, the word "divide" here manifestly means "distribute." If it were coupled with another phrase exclusively applicable to personalty, and with directions looking towards a partition of the realty in kind, it might have a different meaning—as in Seeds v. Burk, 181 Pa. 281, where the language was "divide and pay," and the trustee "respecting . . . . my real estate" was authorized to divide it into lots or parcels, etc. Here, however, the word is applied equally to personalty and realty, to money and land, and as appears by the fifth paragraph of the will to a business the testatrix was about to enter upon. Clearly what she intended is not a division in kind but a distribution, which presupposes a conversion into money; and the direction to make that distribution is followed up with authority to sell the realty "at any time." That this cannot be held to confer a power of sale literally without limit as to its duration may be conceded: Wilkinson v. Buist, 124 Pa. 253, 261. But it does not follow that, as in the light of other provisions of the will in question in the case just cited, so here, in the absence of like indications of intention, the power must be deemed limited to the lifetime of the life beneficiary. If that had been the understanding of the testatrix, it would have been unnecessary for her to say that he was to assent to and join in conveyances made "during the lifetime of my said husband." It would have been enough to require his assent to and joinder in conveyances to be made by the executor under the power of sale conferred upon him without adding those words. In the interpretation of a will, every word and phrase are to be considered and given their due effect: Schott's Est., 78 Pa. 40; Wood v. Schoen, 216 Pa. 425. The express reference to conveyances made in the husband's lifetime, taken together with the power to sell "at any time," convincingly shows that the testatrix contemplated the exercise of that power after the husband's death. It was not, as in Wilkinson v. Buist, 124 Pa. 253, and Fidler v.

Lash, 125 Pa. 87, a power of sale given to be exercised for the benefit of the life beneficiary, and therefore only while he lived. It was a power given generally, with a right of veto to the life beneficiary upon its exercise during his life. It was not the power to sell, but the restriction upon that power that was intended specially for the benefit of the life beneficiary. Indeed, it seems clear that the testatrix created the power of sale, distinctly and consciously, for the purposes of the division of her estate directed in the previous paragraph and that it was therefore exercisable after the husband's death—just as such a power was held exercisable in Peters v. Ry. Co., L. R. 18 Ch. Div. 429, approvingly cited in Wilkinson v. Buist, ubi supra. In other words, the period to which any time limitation upon the power of sale under this will is to be referred is the time of distribution contemplated by the will, viz., "immediately upon (i. e., with reasonable promptness after: Water Co. v. Ephrata Borough, 20 Pa. Superior Ct. 149, 154) the death" of the husband, which, as the facts agreed upon show, was the case here.

It remains only to add that if the conclusions thus far stated are correct, there can be no doubt about the succession of the plaintiff as administrator d. b. n. c. t. a. to the power of sale given by the will to the executor as one exercisable, not collaterally to his duties as such, but virtute officii, within the decisions in Evans v. Chew, 71 Pa. 47; Lantz v. Boyer, 81 Pa. 325; Potts v. Breneman, 182 Pa. 295; Tarrance v. Reuther, 185 Pa. 279.

It follows that the question propounded for the opinion of the court in the case stated is to be answered in the affirmative, and therefore judgment is entered upon the case stated in favor of plaintiff and against defendant for the sum of $5,085.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Harry F. Kantner,* for appellant.

*John B. Stevens,* with him *Garrett B. Stevens,* for appellee.

PER CURIAM, April 25, 1910:

The judgment is affirmed on the opinion of Judge END-LICH.

---

## Fisher, Appellant, *v.* Reading Realty Company.

*Vendor and vendee—Articles of sale—Real estate—Covenants—"Good and complete" title—Assessment for sewer—Municipal claims.*

1. Where articles for the sale of real estate provide that taxes for the year preceding and years prior to that, shall be paid by the vendor, but no mention is made of an assessment for a sewer under construction, the amount of which could not be ascertained until long after the date of the agreement, the vendor is not liable under a covenant in the agreement providing for the title "to be good and complete," to repay to the vendee the amount of such assessment paid by the latter after it was levied.

2. In such a case a mere statement by the vendor in the course of negotiations that "the sewers were in, and that increased the value of the property," implies no undertaking to indemnify the purchaser for the claim of the city by reason of the construction of the sewers.

Argued March 1, 1910. Appeal, No. 30, Jan. T., 1910, by plaintiff, from judgment of C. P. Berks Co., Aug. T., 1909, No. 131, on verdict for defendant in case of William E. Fisher v. Reading Realty Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit on a covenant in articles for sale of real estate.

By articles dated March 21, 1907, the defendant sold to the plaintiff certain real estate the stipulated consideration being the payment of $1.00 in cash, the conveyance of certain properties equivalent to $2,450, and the execution of a first and second mortgage to secure the balance of the price agreed—"settlement to be made within 5 days from the date" of the articles—"taxes in full for