## Rambo's Estate.

*Taxation—Direct inheritance tax—Will—Direction to sell real estate—Real estate in other states—Conversion.*

Where testatrix gives her entire estate, real and personal, wherever situated, to her five children, and directs that the share of one of her daughters shall be held in trust by a named trustee, to be by him invested "in safe legal securities," the income derived therefrom to be paid to the daughter, and further positively directs her executors to sell all of her real estate at public or private sale, the manifest intention of the testatrix is that her whole estate shall be distributed as money, and her will works an equitable conversion of real estate situated in other states, so as to make such real estate liable for the direct inheritance tax under the Pennsylvania law.

Argued February 2, 1920. Appeal, No. 101, Jan T., 1920, by Frank G. Rambo and Cora K. Rambo, from decree of O. C. Montgomery Co., March T., 1919, No. 56, awarding direct inheritance tax to the Commonwealth in estate of Jane G. Rambo, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from appraisement for direct inheritance tax of real estate situate in Massachusetts and Connecticut of which the testatrix died seized. Before SOLLY, P. J.

The Commonwealth claimed that the real estate had been converted into personalty by the terms of the will of the testatrix, and that the tax was due thereon.

The material portions of the will are as follows:

"2. I give, devise and bequeath all my property, real, personal and mixed, and wheresoever situate, unto my five children [naming them] in equal shares to each. ......I direct, however, that the share of my daughter, Mary G. Anders, shall be placed in trust, and my trustee shall invest the same in safe legal securities, and pay the income derived therefrom, semi-annually, unto my

said daughter, Mary G. Anders, for and during the term of her natural life, and at and after her decease, I direct that her share so placed in trust, shall be divided equally among my surviving children......

"3. I nominate, constitute and appoint my daughter, Cora K. Rambo, and my son, Frank G. Rambo, to be executors of this my will, and my said son, Frank G. Rambo, to be the trustee of the share of my said daughter, Mary G. Anders......I authorize and direct my executors and trustee, and the survivor of them, to sell all my personal and real estate at public or private sale for such price or prices and at such times and on such terms as to them may seem proper."

The court held that there was a conversion of the real estate into personalty, and entered a decree in favor of the Commonwealth for $1,684.49: see 35 Mont. Co. R. 176. The executors appealed.

*Error assigned* was the decree of the court.

*Henry A. Craig,* with him *Evan B. Lewis,* for appellants, cited: Yerkes v. Yerkes, 200 Pa. 419; Reed's Est., 237 Pa. 125; Pullinger's Est., 48 Pa. Superior Ct. 630; Muderspaugh's Est., 231 Pa. 376; Martin v. Provident L. & T. Co., 235 Pa. 281.

*J. P. Hale Jenkins* and *Edred J. Pennell,* for appellee, were not heard.

PER CURIAM, March 8, 1920:

The single question before the court below and on this appeal is whether the real estate of the testatrix, situated in Massachusetts and Connecticut, was converted into personalty by the terms of her will. By the second paragraph of that instrument she gave her entire estate, real and personal and wherever situated, to her five children, but her evident intention was that it should be divided among them as money, for she directed that

the share given to her daughter, Mary G. Anders, should be held in trust by a named trustee, to be by him invested "in safe legal securities," the income derived therefrom to be paid to the daughter. To give effect to her intention that her whole estate should be distributed as money, she gave positive direction to her executors to sell all of her real estate at public or private sale. The manifestly correct conclusion of the learned court below was that this worked an equitable conversion: Cooper's Est., 206 Pa. 628; Battenfeld v. Kline, 228 Pa. 91. The State is therefore entitled to the inheritance tax which it claims: Dalrymple's Est., 215 Pa. 367.

Appeal dismissed at appellant's costs.