## Eichelbaum & Smith v. Bishop, Appellant.

*Contracts—Shipments—Deliveries—Cancellation — Construction of terms.*

Such words as "as soon as," referring to deliveries under a contract of shipment are not to be taken in all cases in their absolute sense and generally mean with resonable promptness. In construing them regard must be had to the circumstances of the particular case and the term has a relative meaning according to the thing which is to be done.

In an action to recover for the price of a carload of scrap iron, a verdict for the plaintiff will be sustained, where the agreement called for shipment "as soon as" a permit could be received, and there was sufficient evidence that the plaintiff had complied with his agreement.

Argued October 22, 1920. Appeal, No. 226, Oct. T., 1920, by defendant, from judgment of the Municipal Court of Philadelphia, July T., 1919, No. 428, in favor of plaintiff in case tried by the court without a jury, in suit of Michael Eichelbaum and Thomas E. Smith, late trading as Lynchburg Iron & Metal Company, v. J. V. S. Bishop. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for the price of a carload of scrap iron. Before GORMAN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff for $150.97. Defendant appealed.

*Errors assigned* were various rulings on evidence and the judgment of the court.

*Lewis Lawrence Smith,* for appellant.—Under the terms of the contract the plaintiff was compelled to make immediate shipment: Ruling Case Law, vol. 23, page 194; Words & Phrases, vol. 4, page 3409; Edwards v. Insurance Co., 75 Pa. 378; West Branch, etc., Co. v. Helfenstein, 40 Pa. 289; Track v. State Fire, etc., Co., 29 Pa. 198; L. R. A. 1916, E. 94; Words & Phrases, vol. 4, p. 3409; Woods v. Miller, 55 Iowa 168, 7 N. W. 484.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellees.—The words "as soon as" did not imply the exclusion of any interval of time, but will be interpreted as meaning a reasonable time: Ephrata Water Co. v. Borough, 20 Pa. Superior Ct. 149; 35 Cyc. 181; Louis Werner Saw Mill Co. v. Ferree, 201 Pa. 405.

OPINION BY TREXLER, J., March 5, 1921:

The plaintiff sold to the defendant a carload of scrap iron on December 20, 1918. We are convinced after a careful reading of the testimony that the plaintiffs duty to ship the iron began on December 31, 1918. It was then that the permit was received and the amount to be shipped was definitely settled. On January 7, 1919, the defendant cancelled the order. The plaintiff insisted that the contract must be kept. The question therefore is, "Was there an unreasonable delay in shipping the scrap so as to relieve the defendant from accepting it, and permitting him to cancel the contract?" The written contract between the parties calls for the furnishing

## 530 EICHELBAUM & SMITH v. BISHOP, Appellant.

of the scrap "as soon as we can secure permit required." We do not think that this required the plaintiff to exercise extraordinary efforts to ship the car. All he was obliged to do, was to perform his part within a reasonable time. The standard that he had to follow was that there be no unreasonable delay. The words "as soon as" and "unreasonable" are not to be taken in all cases in their absolute sense, and generally mean with reasonable promptness. In construing them regard must be had to the circumstances of the particular case. Such terms have a relative meaning according to the thing done: Ephrata Water Company v. Ephrata Boro., 20 Pa. Superior Ct. 149; Battenfeld v. Kline, 228 Pa. 91.

The judge who tried the case without a jury concluded that under the circumstances of this case the plaintiff was not in default, and in this there was no error. There was testimony that it took four to six days to obtain a car after the permit arrived, and that the plaintiff began to load the car in question for shipment at the earliest possible moment. Some of these facts appear from the correspondence of the parties. The probative force of the letters is small, but as they were received without objection and apparently both parties were willing to recognize the statements contained therein, it is now too late to object to what may be called self-serving declarations contained therein.

We need give but passing notice to the assertion of the defendant that the plaintiff was required to give the car numbers. In one of the telegrams plaintiff said, "Wire shipping instructions at once and we will advise you car numbers." The written contract, however, contains no such requirement. The failure to give the numbers did not contribute to the delay in the shipment, and it is very evident that the necessity of the defendants having the car numbers would not arise until the car reached its destination, and in any event until it was started on its journey.

One witness testified that a certain time was required in normal times to get a car after the permit was received. This witness had knowledge of the subject in general, but he was not on the ground at the time when the shipment was made. He testified that the time in which the transactions in this suit occurred were abnormal, as the country was at war, and the court stated that the difficulty in getting a car would be greater than usual. The propriety of the admission of this testimony may be doubted, but it does not constitute reversible error. The correspondence of the parties shows that the witness' estimate of the time required to get a car conformed with the actual experience of the plaintiff in this very case.

We think the case was properly decided, and that there was sufficient evidence to sustain the judgment of the trial judge.

The assignments of error are overruled and the judgment affirmed.