# Dauler's Estate.

*Will—Construction—Devise—Description of land—Practice, O. C.—Jurisdiction—Petition for sale.*

Testator owned a large rectangular piece of land fronting on A street and backing on B street with C street extending along one side of it from A to B streets. Some years before his death he built a fence across the tract about 240 feet back from A street, and divided the land between A street and the fence into several lots. He sold several of these lots from time to time describing them as fronting on A street, each with a depth of 240 feet from that street. At the time of his death he lived in a dwelling house on one of the lots. At that time he had not sold the land in the rear of the fence. By his will he gave the dwelling house with the ground thereto attached to his wife for life, and after her death he devised the same property to his daughter, describing it as "the lot of ground and the dwelling, the homestead situated on A street near C street." He directed his executors to sell all of his estate not devised by his will, and to distribute the proceeds amongst his children. One of the executors petitioned the orphans' court for an order to sell the land in the rear of the fence. The co-executor, the husband of the daughter to whom the homestead lot was devised, resisted the petition on the ground that his wife took not only the land between A street and the fence, but all in the rear of the fence of the width of the homestead lot. *Held*, (1) that the devise to the daughter included only the land from A street to the fence; (2) that the orphans' court had jurisdiction to entertain the petition for the sale of the land.

Argued Oct. 28, 1910. Appeals, Nos. 158 and 159, Oct. T., 1910, by Otillia M. Johns and Thomas F. Johns, from decree of O. C. Allegheny Co., Nov. T., 1909, No. 237, allowing order of sale of real estate in Estate of

George Henry Dauler, Sr., deceased. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for order to sell real estate. Before MILLER, J. The opinion of the Supreme Court states the facts.

*Error assigned* was decree directing the sale of real estate.

*Ward Bonsall,* with him *Charles A. Poth,* for appellants.—The will itself, without any extrinsic evidence explaining it, clearly gives the land in dispute to Otillia M. Johns: Kelly's Est., 8 Pa. Dist. Rep. 51; Thewlis v. Fenton, 224 Pa. 25; Ferry's App., 102 Pa. 207.

The extrinsic evidence admitted in this case strengthens the above construction, and establishes the fact that the description contained in the ninth paragraph of the will, devising land on Terrace street to Otillia M. Johns, includes the land in dispute: Brendlinger v. Brendlinger, 26 Pa. 131; Hopkins v. Grimes, 14 Iowa, 73.

The construction of this will contended for by appellants is in accord with several decisions of this court: Graham v. Heidrick, 204 Pa. 238; Thewlis v. Fenton, 224 Pa. 25; Metzger's Est., 222 Pa. 276.

The extrinsic evidence in this case is sufficient to raise a latent ambiguity: Ellmaker v. Ellmaker, 4 Watts, 89; Brownfield v. Brownfield, 12 Pa. 136; Miller's Est., 26 Pa. Superior Ct. 443.

There was no jurisdiction of the orphans' court to order the sale: Cutler's Est., 225 Pa. 167; Paxson's Est., 225 Pa. 204.

*George C. Wilson* and *J. McF. Carpenter,* with them *George N. Chalfant* and *William D. Evans,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 3, 1911:

In 1849 George H. Dauler acquired by deed a tract of

land containing about six acres, fronting on Terrace street, in what was subsequently the fourteenth and is now the fourth ward, of the city of Pittsburg. Its frontage on Terrace street was about 365 feet and it extended back to what is now Alliquippa street—a distance of about 750 feet. Darragh street extends along one side of it between the two streets named. Between 1880 and 1890, Dauler sold from this tract four lots fronting on Terrace street, each extending in depth from that street 240 feet. At that distance from Terrace street he erected a fence from Darragh street across the tract. At the time of his death he had but one lot left which fronted on Terrace street. Its width on that street was 136.14 feet and on it there was a dwelling house in which he lived. In 1901 he sold a lot fronting 125 feet on Darragh street, beginning at a point 240 feet from Terrace street. He died in 1907, having executed his will in 1900, and the following from the third and ninth clauses of it give rise to the present controversy: "I give and devise the dwelling house in the fourteenth ward, Pittsburg, now occupied by us, with the ground thereto attached, fronting on Terrace street, near Darragh street, to my beloved wife, Elizabeth, for and during the term of her natural life. . . . To my daughter Otillia M. Johns, the lot of ground and the dwelling, 'the Homestead,' situate on Terrace street, near Darrah street, in the Fourteenth ward, Pittsburg, hereinbefore devised to my wife for life, subject to the life estate of my said wife." The devise to the daughter was one of a number he made to his children. By the fifteenth clause of his will he directed all of his estate not disposed of in the preceding clauses to be sold by his executors and that the proceeds be divided between his children and the children of a deceased child. When Thomas F. Johns, one of the two executors of the testator, was requested by his co-executor to join in the sale of the lot, consisting of three or four acres in the rear of the line 240 feet from Terrace street, he refused. Thereupon a petition was presented to the court below by the

other executor, asking for an order that said property
be sold and that said Thomas F. Johns be directed to
join in making sale of it.  Upon the filing of this petition
a citation was directed to all parties in interest, and
Otillia M. Johns and her husband, the co-executor, filed
answers in which they averred that, under the devise to
her, she took not only the lot fronting 136.14 feet on Ter-
race street and extending back 240 feet, but all in the
rear of 240 feet from Terrace street which had not been
sold by the testator in his lifetime.  From the order of
the court granting the prayer of the petition we have this
appeal.

When the testator devised to his wife for life the dwell-
ing house in the fourteenth ward of Pittsburg, then occu-
pied by them, with the ground thereto attached, fronting
on Terrace street, near Darragh street, and by a subse-
quent clause devised the same property to his daughter
after the death of her mother, describing it as "the lot
of ground and the dwelling, 'the Homestead,' situate on
Terrace street, near Darrah street," it is clear that he in-
tended the lot of ground should be the same that had
been appurtenant to his home.  He had divided the origi-
nal tract at a point 240 feet from Terrace street by erect-
ing a fence there, and had sold four lots fronting on Ter-
race street, each with a depth of 240 feet from that street.
He had unmistakably indicated, not only by erecting
the fence, but by what he did by his deeds, executed more
than ten years before he made his will, that he regarded
the lots fronting on Terrace street as having a depth of
240 feet, and when he devised to his daughter the lot
fronting on Terrace street, near Darragh, his intention
as gathered from the will—which is to be read in connec-
tion with what he did—is so clear that parol testimony ·
could not, under the authority of any case, have been
received to show that he said his daughter was to take
under the devise not only the lot which he had so mani-
festly regarded as "attached" to his dwelling, but three
or four acres, in the rear of it, which for years he had

treated as a separate and distinct piece of ground. What he gave to his daughter was a lot "fronting on Terrace street, near Darrah street," "situate on Terrace street, near Darrah street." The lot which the appellants would include in the devise does not front on Terrace street, nor is it "situate" on that street. It fronts on Darragh street and extends to Alliquippa street. Both these streets are its boundaries and this the testator knew when he devised to his daughter the lot fronting on Terrace street.

That the court below had jurisdiction to entertain the petition to make the order appealed from is as clear as the intention of the testator. The lot which his daughter would take under the devise to her admittedly belonged to her father at the time of his death. Whether it passed to her under the ninth clause of his will, or, as part of his residuary estate, is to be disposed of under the fifteenth clause, involved the construction of his will, which was for the court below. It was properly construed, and the order which was made simply directs the executors to perform the duty imposed upon them by the will of the testator of converting into money, for the purpose of distribution, certain of his real estate not specifically devised. The court clearly had the power to make the order: Tyson's Est., 191 Pa. 218.

Decree affirmed at appellant's costs.