### Frederick's Estate.

*Wills—Construction—Conversion—Discretion in trustee as to date of sale.*
1. Where the executor is directed by the will to sell the real estate and divide the proceeds among testator's children and issue, the direction is mandatory and the real estate is converted into personalty; hence, the administrator of one of the deceased children is a party in interest.
2. Although, under such a direction, the executor has discretionary power to select the time of sale and fix the price, a failure to exercise such discretion within twenty years was held to be such an abuse of discretion as to justify an order to sell forthwith.

Petition and answer. O. C. Phila. Co., April T., 1919, No. 141.

*Hepburn, Dechert & Norris*, for petitioner; *Gaffney & Bauer*, contra.

GUMMEY, J., Dec. 22, 1922.—The will of the testatrix contains the following direction:

"3rd. All the rest, residue and remainder of my estate, real, mixed and personal, shall be sold by my executor hereinafter named and the proceeds thereof shall be divided equally between all of my children and the issue of such of them as may be deceased leaving issue, such issue to take only the share which their deceased parent would have taken if living."

Clearly the direction to sell is mandatory, the real estate is converted into personalty, and the administrator of the estate of the testatrix's deceased son, William, is a party in interest. It seems unnecessary to cite authorities, but reference may be made to Severns's Estate, 211 Pa. 65.

Being thus charged with the duty of selling the real estate, the executrix of the will had, of course, discretionary power to select the time of sale and
2 D. & C.

fix the price, but the exercise of this discretion may not be postponed indefinitely, and now, twenty years after the death of the testatrix, we see no reason for further delay. See Fahnestock *v.* Fahnestock, 152 Pa. 56; Dauler's Estate, 230 Pa. 204.

As efforts to sell at private sale have not been successful, we direct a public sale after due advertising, with notice to all parties in interest, unless, in the meantime, the parties agree to an amicable adjustment, which, under the facts presented at the argument, should not be difficult.

Counsel will submit the necessary decree.

LAMORELLE, P. J., did not sit.