## McConnell, Appellant, v. Bryan.

*Will—Conversion—Power of sale—Direction to pay debts out of real estate.*

Where a testatrix gives all of her personal estate to her daughters, naming them, and "empowers" her executor to sell all of her real estate and to make deed or deeds of the same, and out of the proceeds thereof to pay her debts and all expenses, and also the cost of a tombstone to be placed over the grave of her husband and herself, the will works a conversion of the real estate, and none of the daughters have a standing to maintain a bill in equity for the partition of it.

An intention to convert will be implied where the executor is authorized to make a sale, and there is an absolute necessity to sell in order to carry out the provisions of the will.

Argued May 13, 1916.   Appeal, No. 178, April T., 1915, by plaintiff, from decree of C. P. Beaver Co., March T., 1914, No. 3, dismissing bill in equity in case of Sarah B. McConnell v. Fannie S. Bryan, et al.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Bill in equity for partition of the real estate of which

Elizabeth Bryan died seized and possessed. The bill was filed by one of the daughters of Mrs. Bryan.

The case turned upon the question whether the will worked a conversion of the real estate.

The court below in an opinion by HOLT, P. J., found that the will worked a conversion of the real estate into personalty, and accordingly dismissed the bill.

The material portions of the will of the testatrix were as follows:

As to such estate as it hath pleased God to intrust me with I dispose of the same as follows, to-wit:

Item. I give and bequeath to my daughters Susan Grimes, Elizabeth Rambo and my granddaughter, Maggie Bryan, share and share alike all of my personal estate.

Item. I hereby empower my executor hereafter named to sell all my real estate and to make deed or deeds of the same as soon after my decease as can conveniently be done and to sell for the best price obtainable. Out of the proceeds I direct my debts and all expenses to be taken and one hundred dollars which I give and bequeath to George Bryan, Lilly Bryan and Maggie Bryan, share and share alike. I further direct my executor to place or cause to be placed tomb-stones or a monument to the graves of my husband and myself not to cost over eighty dollars.

Subsequently testatrix executed this codicil:

The bequest above mentioned to my three grandchildren, to-wit: George Bryan, Lilly Bryan and Maggie Bryan of one hundred dollars I hereby change to three hundred dollars, share and share alike. As witness my hand and seal this 8th day of November, 1900.

Later she executed the following codicil:

The bequest of $100 and the above codicil of $300 to my three grandchildren George Bryan, Lilly Bryan now Snider and Maggie Bryan now Poe I do hereby entirely cancel and do not allow them any share in my estate. As witness, etc.

*Error assigned* was decree dismissing the bill.

*William A. McConnell,* for appellant.—There was no conversion: Cooper's Est., 206 Pa. 628; Henry v. Mc-Closkey, 9 Watts 145; Anewalt's App., 42 Pa. 414; Bleight v. Mfg. & Mechanics' Bank, 10 Pa. 131.

*D. A. Nelson,* for appellee, cited: Fahnestock v. Fahnestock, 152 Pa. 56; Rauch's Est., 21 Pa. Superior Ct. 60; Tyson's Est., 191 Pa. 218; Thran v. Herzog, 12 Pa. Superior Ct. 551; Severn's Est., 211 Pa. 65; Vanuxem's Est., 212 Pa. 315; Schmidth's Est., 183 Pa. 641.

OPINION BY HEAD, J., March 1, 1916:

By her last will and testament, duly admitted to probate, Elizabeth Bryan, late of Beaver County, disposed of her estate consisting of both realty and personalty as follows: "Item.—I give and bequeath to my daughters......share and share alike, all of my personal estate. Item.—I hereby empower my executor hereinafter named to sell all of my real estate and to make deed or deeds of the same as soon after my decease as can conveniently be done and to sell for the best price obtainable. Out of the proceeds I direct my debts and all expenses to be taken......I further direct my executor to place or cause to be placed tombstones or a monument to the graves of my husband and myself, not to cost over eighty dollars." The executor named declined to serve, and letters of administration c. t. a. were issued to·another. Later on that administrator sold the real estate in pursuance of the power conferred on him by the will to one Homer Bryan, but the purchaser failed to pay the consideration money and the sale was never consummated. The plaintiff then filed this bill seeking a decree of partition among the heirs at law of the testatrix. The administrator c. t. a. filed an answer setting forth that the provision in the will of the testatrix already quoted worked a conversion of the land, and as a

consequence the plaintiffs in the bill had no interest or share in the land as land, but that their interest was confined to such share of the proceeds resulting from a sale of it as might remain after the directions of the will had been fully executed. The learned court below, being of the opinion this contention was sound, dismissed the bill and the plaintiff appeals.

We may concede for the purposes of this case that the will does not contain an absolute unqualified and positive direction to sell the real estate. But it is not necessary that it should. An equitable conversion may be worked without any such direction and always is worked where the intent of the testator that the land should be sold clearly appears from the body of the will.

The cases in which the doctrine of equitable conversion have been discussed are legion and in many different forms of expression the courts have undertaken to define it. In these definitions stress is usually put upon the particular ground on which the doctrine in the case under consideration rests. For the purposes of this case the statement of the principle in Severns's Est., 211 Pa. 65, is apt. "Equitable conversion takes place only when the will discloses a clear intention that the nature of the property shall be changed. The basis of this doctrine is that, in equity, that is regarded as done which the testator intends shall be done. Conversion, therefore, is a question of intention, and where the intention to convert clearly and explicitly appears by the provisions of the will, it is equally effective as a positive direction contained in the instrument. It has been uniformly held by this court that an intention to convert will be implied where the executor is authorized to make a sale and there is an absolute necessity to sell in order to carry out the provisions of the will." As we view it, this language describes exactly the situation in which this testatrix left her property. It will be observed in the first instance there is an absolute and specific be-

quest of all of her personal property intact to certain legatees named. Now of course, if the testatrix had no other property and left debts unpaid, the legacy of the personal property would necessarily abate, either in whole or in part, so that the debts could be paid. But it appears she left real estate more than ample in value to carry out all of the provisions of the will even as it was originally made. In the will, as it was first written, there were certain money legacies. It is true, by a codicil, these legacies were revoked, but their existence in the original will is significant because it adds force to the conclusion that the testatrix necessarily contemplated and intended a sale of her real estate by her executor. Otherwise, there would have been no fund out of which these legacies could have been paid. It is true that primarily the personal property is the source to which creditors and legatees first look for payment. But this in no way conflicts with the right of a testator who owns real estate to give away his personal property in specie and direct that his debts be paid by a sale of his land.

As long ago as McFait's App., 8 Pa. 290, Mr. Justice COULTER said: "In order to exonerate personal estate from the payment of debts, there must be either express words or a plain intention, as it is the primary fund. But the intention may be found, not only in the mode in which the personal estate is given, but also in the manner of the devise of the real estate. The real estate may be so appropriated to the payment of debts and legacies, as to show a clear intention that they shall not be a burden on any other fund, although the personal estate is not expressly exempted." The same thought is expressed in the per curiam opinion in Sloan's App., 1 Saddler 515, to wit: "It may be conceded as a general rule that legacies are to be paid out of the personal estate, if not otherwise directed. Here, however, it was directed otherwise. The testator ordered the legacy given to

Albert Wilson Sloan to be paid out of the fund produced by a sale of certain lands devised for that purpose."

Now in the will of this testatrix there is first of all an absolute and unqualified bequest of her entire personal estate to certain legatees named. There is no devise of her real estate in express terms to any one. Her executor is empowered to sell all of her real estate and to make deeds for the same as soon after her decease as can conveniently be done, and finally she "directs that out of the proceeds of such sale her debts and all expenses be taken," together with a sum sufficient to pay the legacies given in the original will. Can there be any reasonable doubt it was the intention of the testatrix that her land should be sold and the burden of her debts should be carried by the proceeds of that sale in relief of the personal estate which she had first bequeathed in specie to those who were presumably the first objects of her bounty? We are not convinced this logical conclusion should be departed from on the ground that the debts of the testatrix have lost their lien upon her real estate and therefore there is now no necessity to sell the land for the payment of debts. If at the time of her death her will could not be executed without the sale which she so plainly contemplated and intended, we are of opinion the will worked a conversion from the date when it took effect. And we think warrant for this conclusion can be found in Adams' Est., 148 Pa. 394, although it was not the exact point there decided.

But we are further of the opinion this record raises no question which would enable us to decide whether or not any particular debt of the testatrix is barred or even has lost its lien. We are not informed whether any suits were brought in the Common Pleas within the time necessary to retain such lien. Much less are we prepared to say, under the language of this will in which the testatrix directs her debts to be paid out of the proceeds of the sale of her real estate, they are not expressly charged upon such real estate. These questions

will properly arise on the distribution of the proceeds of the authorized sale. At all events, it is quite clear her direction to the executor to expend a portion of the proceeds of such sale in erecting a monument for herself and her husband should be carried out, and the executor having already turned over to the legatees named all of the personal estate, as the will commanded him to do, has no other way of executing the provision of the will save by a sale of the real estate as the testatrix intended. We are of opinion therefore the will of the testatrix worked an equitable conversion of her real estate and the learned judge below was right in dismissing the bill for partition.

Decree affirmed.