# Keim's Estate.

*Partition—Will—Conversion.*

Where a testatrix directs that all the rest, residue and remainder of her estate, real and personal shall be divided into four equal parts, and authorizes her executors to sell the estate in order to accomplish this purpose, and it appears that a sale of the real estate is an absolute necessity from the fact that there is but little personal estate, and that a very large sum of money is to be deducted from one of the shares, the will works a conversion of the real estate into personalty so as to completely bar any proceedings in partition.

| 201 | 609 |
| 21 SC [1] | 67 |
| 201 | 609 |
| c214 | [1]640 |
| 201 | 609 |
| f40SC | 552 |

A person entitled to an interest in real estate under a will is not entitled to institute partition proceedings until the expiration of at least one year from the death of the testator.

Argued Jan. 17, 1902. Appeal, No. 280, Jan. T., 1901, by John B. Wickersham, from decree of O. C. Phila. Co., Jan. T., 1901, No. 386, dismissing petition for an inquest to make partition of real estate in the Estate of Harriet deB. Keim, Deceased. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Petition for partition.

Ferguson, J., filed the following opinion :

The petitioner in this case represents a one-forty-eighth interest in this estate and requests an inquest for the partition thereof. This is opposed by all the remaining interests. While ordinarily the smallness of a petitioner's interest is no bar to his proceeding for a partition, yet the overwhelming opposition to it in this case requires that he should show a clear and undoubted right to the writ asked for. There are a number of reasons assigned why this petition should not be granted, but we do not think it necessary for this decision to consider them all. In the first place, the petition is prematurely filed, as only five months have elapsed since the death of the testatrix. The executors are entitled to at least one year in which to settle the estate (act of February 24, 1834) and creditors are entitled to the same time in which to present their claims: Gallen's Estate, 26 W. N. C. 308. Besides, under the act of June 8, 1893, the debts of the testatrix are a lien upon her real estate for two years. How, therefore, is it practicable to divide the real estate until it is ascertained whether the debts are all paid and it is clear of the lien thereof? As there is a mortgage of $57,500 on this land, perhaps when the other debts are paid there may be nothing left for partition. Be this as it may, the executors are entitled to at least one year to ascertain the facts, administer the estate and liquidate and settle the indebtedness of the testatrix, before a forced settlement of the estate can be compelled by partition proceedings.

Under the will of the testatrix, is this petitioner entitled to partition at any time? The testatrix herself provides the

manner in which her residuary estate is to be parted and divided. This she undoubtedly had the right to do. "All the rest, residue and remainder of my estate, real and personal, of which I may die seized, possessed or entitled to, I direct shall be divided into four equal parts or shares. For the purposes of division of my said estate, or otherwise, I hereby authorize and empower my executors hereinafter named at any time after my decease, in their discretion, to make public or private sale or sales of any or all of my real estate for the best price or prices that can reasonably be had or gotten for the same, and to make deed or deeds for the same to the purchaser or purchasers thereof, his, her or their heirs or assigns." The testatrix thus directs the division of her estate and designates the persons who are to perform this duty, limits the number of shares into which it is to be divided, and authorizes a sale in order to accomplish this purpose. Under these circumstances must we not consider that her will is paramount to the statutes providing for partition, which should only be invoked in case there is no remedy otherwise? Baum's App., 4 Penny. 1.

Moreover, in this case, is there not such an equitable conversion of this real estate into personalty as would be a complete bar to any proceedings in partition? In Hunt's and Lehman's Appeal, 105 Pa. 141, PAXSON, C. J., said: "A conversion is always a question of intent," and "it ought to be settled by this time that in order to work a conversion there must either be: 1. A positive direction to sell; or 2. An absolute necessity to sell in order to execute the will; or 3. Such a blending of real and personal estate by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate and to bequeath the said fund in money. In each of the two latter cases an intent to convert will be implied." To the same effect see also Dundas's Appeal, 64 Pa. 325; Rowland v. Miller, 100 Pa. 47; Fahnestock v. Fahnestock, 152 Pa. 56; Reid v. Clendenning, 193 Pa. 415; Stallman's Estate, 2 Pa. Dist. Rep. 265. Now in this case, while there is not a positive direction to sell, there is an absolute necessity to sell, in order to execute the will, as the testatrix directs that her estate is to be divided into four equal parts, and that from the share of the children of her son George is to be deducted the sum of $85,000. They are to take for

their one-fourth part or share only the excess of said sum. As there is very little personal estate, if any, this result could not be accomplished without a sale of the real estate. Besides, the blending of her real and personal estate in the residuary clause shows that she intended to create a fund out of both and distribute the same as money. We think this case is clearly within the decisions of the Supreme Court and that there has been an equitable conversion of the real estate of the testatrix into personalty.

The petition for partition is dismissed.

*Error assigned* was the decree of the court.

*Albert E. Peterson*, with him *Theodore A. Tack*, for appellant.

*William Grew, John A. Toomey, John C. Bell* and *Leonard Myers*, for appellee, were not heard.

PER CURIAM, February 24, 1902:

The decree dismissing the petition for an inquest to make partition of the real estate of Harriet deB. Keim, deceased, is affirmed on the opinion of Judge FERGUSON.