## Severns's Estate (No. 1).

*Will—Power of sale—Conversion—Intention—Partition.*

An intention to convert real estate into personalty will be implied where the executor is authorized to make a sale, and there is an absolute necessity to sell, to carry out the provisions of the will; and this is so although there is not to be an immediate sale, and the time of the sale is discretionary with the executor.

Testatrix died seized of a residence, and leaving to survive her three daughters, one married and two unmarried. She appointed one of the unmarried daughters her executrix and authorized and empowered her to sell the residence "whenever and upon such terms as she may deem best, and to grant and convey the same to the purchaser or purchasers thereof free from all liability for or on account of the application of the purchase money. The proceeds of the sale of the said premises I direct my said executrix to divide among my said three daughters share and share alike." She further directed that the two unmarried daughters should have the sole right to occupy the residence "free of rent, taxes and water rent until the same shall be sold." *Held* (1), that the will worked a conversion of the real estate into personalty; (2) that the married daughter had no standing to demand partition of the real estate.

Argued Jan. 10, 1905.    Appeal, No. 200, Jan. T., 1904, by Clara W. Raleigh, from decree of O. C. Phila. Co., April T., 1902, No. 362, dismissing petition for partition in estate of Harriet M. Severns, deceased.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Petition for partition.    Before PENROSE, J.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing petition for partition.

*Joseph P. McCullen*, for appellant.—There was no conversion : Cooper's Estate, 206 Pa. 628 ; Foster's App., 74 Pa. 391; Anewalt's App., 42 Pa. 414; Chew v. Nicklin, 45 Pa. 84; Bleight v. Bank, 10 Pa. 131; Neely v. Grantham, 58 Pa. 433 ; Miller & Bowman's Appeal, 60 Pa. 404 ; McClure's Appeal, 72 Pa. 414; Sheridan v. Sheridan, 136 Pa. 14 ; Darlington v. Darlington, 160 Pa. 65 ; Sauerbier's Estate, 202 Pa. 187.

*James Alcorn*, for appellee.—There was an equitable con-

version by the will: Keim's Estate, 201 Pa. 609; Rauch's Est., 21 Pa. Superior Ct. 60; Sauerbier's Est., 202 Pa. 187; Stallman's Estate, 2 Pa. Dist. Rep. 265; Selfridge's Appeal, 9 W. & S. 55; Neely v. Grantham, 58 Pa. 433; Jones v. Caldwell, 97 Pa. 42; Roland v. Miller, 100 Pa. 47; Fahnestock v. Fahnestock, 152 Pa. 56; McClellan's Estate, 158 Pa. 639; Weeter's Estate, 21 Pa. Superior Ct. 241.

OPINION BY MR. JUSTICE MESTREZAT, March 6, 1905:

Harriet M. Severns died April 27, 1901, testate, leaving to survive her three daughters, Clara W. Raleigh, the petitioner, Florence J. Severns and Minnie Severns. At the time of her death Mrs. Severns was seized of a certain lot of ground with the improvements thereon at No. 1127 Spruce street in the city of Philadelphia. She appointed her daughter, Florence J. Severns, to be the executrix of her will which was probated May 9, 1901; the fourth item of which is the only part material to the question involved in this appeal, and is as follows: " I authorize and empower my executrix hereinafter named to sell at public or private sale the premises No. 1127 Spruce street in the city of Philadelphia whenever and upon such terms as she may deem best and to grant and convey the same to the purchaser or purchasers thereof free from all liability for or on account of the application of the purchase money. The proceeds of the sale of the said premises I direct my said executrix to divide among my said three daughters share and share alike. My two daughters, Florence and Minnie, are to have the sole right to occupy the said dwelling No. 1127 Spruce street free of rent, taxes and water rent until the same shall be sold." Mrs. Raleigh presented her petition to the court below averring that the deceased died seized of said real estate, that the petitioner and her said two sisters were the only parties interested therein, that they derived. title by virtue of said item of the will, and praying the court to award an inquest to make partition. A citation was issued, and an answer was filed by Florence J. and Minnie Severns. They denied the right of the petitioner to have partition of the premises " because she has no interest in the said premises as real estate, but is only entitled to a one-third of the net proceeds when the same shall be sold in accordance with the will of the

said Harriet M. Severns, deceased." The orphans' court held that the will worked a conversion of the real estate into personalty and that, therefore, the petitioner had no title to the real estate as such and dismissed the petition for partition.

There must be a positive direction or a clear intention disclosed by the will to sell in order to work a conversion of real estate into personalty. Equitable conversion takes place only when the will discloses a clear intention that the nature of the property shall be changed. The basis of this doctrine is that, in equity, that is regarded as done which the testator intends shall be done. Conversion, therefore, is a question of intention, and where the intention to convert clearly and explicitly appears by the provisions of the will, it is equally effective as a positive direction contained in the instrument. It has been uniformly held by this court that an intention to convert will be implied where the executor is authorized to make a sale and there is an absolute necessity to sell in order to carry out the provisions of the will. "If a testator authorizes his executors to sell his real estate and to execute and deliver to the purchasers deeds in fee simple, of the same, as in this case," says McCollum, J., in Fahnestock v. Fahnestock, 152 Pa. 56, " and it is clear from the face of his will that it was his intention that the power so conferred by him should be exercised, it will be construed as a direction to sell, and operate as an equitable conversion. If in addition to this clear intention of the testator it plainly appears that effect cannot be given to material provisions of the will without the exercise of this power, the conclusion is irresistible that a conversion is as effectually accomplished by the will, and the duties of the executors under it are the same, as if it contained a positive direction to sell." It is also settled law that if the will shows a clear intention that the estate shall be sold, a conversion will take place though there is not to be an immediate sale : McClure's Appeal, 72 Pa. 414 ; or the time of sale is discretionary with the executor: Roland v. Miller, 100 Pa. 47 ; Philadelphia's Appeal, 112 Pa. 470.

There is no difficulty in ascertaining the intention of the testatrix from the provisions of Mrs. Severns' will. She does not devise her real estate, but empowers her executrix to sell without any alternative disposition of it. It is not given as

real estate to the persons named in the will, nor to any other person for any purpose whatever, but, in the language of the instrument, "the proceeds of the sale of the said premises I direct my said executrix to divide among my said three daughters share and share alike." We, therefore, have in the will an authority given to the executrix to sell and a direction to divide the proceeds of the sale in equal shares among the three legatees. In order to carry out the provisions of the will and make that distribution of the proceeds of the property, a sale of the real estate becomes imperative and is an absolute necessity. This, as appears from the authorities cited above, meets the requirements of our cases and operates as an equitable conversion. The fact that the time when, and the terms upon which, the sale should be made are discretionary with the executrix does not give the latter authority to prevent a sale, nor to postpone it indefinitely. The discretion reposed in the executrix is a reasonable and not an arbitrary one, and must be exercised to carry out the plain intention of the testatrix that the property shall be converted into personalty and the proceeds distributed equally among the three sisters.

The provisions of the will of Mrs. Severns operated as a conversion of her Spruce street property, and hence, the writ of partition was properly refused.

The decree is affirmed.