# Chamberlain's Estate.

*Wills—Devises—Real estate—Equitable conversion—Presumption—Construction—Collateral inheritance tax.*

1. The law does not favor an equitable conversion and the presumption is against it.

2. In order to work an equitable conversion of real estate there must be either a positive direction to sell, or an absolute necessity to sell in order to execute the will, or such a blending of real and personal estate by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate and bequeathed the said fund as money.

3. The mere blending of real and personal estate without a clear and indubitable intent to create a common fund and bequeath it as money will not constitute a conversion.

4. A nonresident testator owning personal property worth $30,000 and real estate in Pennsylvania, after bequeathing legacies aggregating $65,000 gave $100,000 to a charitable institution and made such institution his residuary legatee, providing that should his estate prove insufficient to meet all the bequests the deficiency should be deducted from the $100,000 bequest. He gave his executor "full power to sell any or all of my real estate, either at public or private sale, at such time or times and upon such terms and for such price or prices as to him shall seem best and upon such sale or sales to execute and deliver to the purchaser or purchasers deeds of conveyance in fee simple or any less estate as the case may be." The register of wills assessed the real estate in Pennsylvania for collateral inheritance tax. The executor contended that the will worked a conversion of the real estate and that it was therefore not liable to collateral inheritance tax in this State. *Held,* the Orphans' Court did not err in affirming the decision of the register of wills.

Argued Jan. 22, 1917. Appeal, No. 293, Jan. T., 1916, by John T. Dooling, Executor of the will of Leander T. Chamberlain, deceased, from decree of O. C. Philadelphia Co., July T., 1914, No. 116, dismissing appeal from decision of Register of Wills assessing collateral inheritance tax upon real estate of a decedent, in Estate of Leander T. Chamberlain, deceased. Before BROWN, C.

114      CHAMBERLAIN'S ESTATE.

J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.
Affirmed.

Appeal from decision of register of wills assessing
collateral inheritance tax upon the real estate of a de-
cedent.   Before DALLETT, P. J.

The opinion of the Supreme Court states the facts.

The Orphans' Court affirmed the decree of the Regis-
ter of Wills.   John T. Dooling, Executor of the estate
of Leander T. Chamberlain, deceased, appealed.

*Error assigned* was the decree of the court.

*Henry B. Patton,* of *Staake & Patton,* with him *How-
ard Lewis Fussell,* for appellant.—The intention of the
testator to have the legacies for which he made provision
paid by the sale of his real estate is clearly indicated:
Vanuxem's Est., 212 Pa. 315.

*William M. Boenning,* for the Commonwealth.—The
law does not favor equitable conversion and the pre-
sumption is against it: Reid v. Clendenning, 193 Pa.
406; Neumann's Est., 41 Pa. Superior Ct. 279; Scott's
Est., 37 Pa. Superior Ct. 198; Lamberton's Est., 40 Pa.
Superior Ct. 548; Curry's Est., 19 Philadelphia 92;
Yerkes v. Yerkes, 200 Pa. 419.

The executor is not directed or ordered to sell the real
estate of this decedent; he is only given the power of
sale: Keim's Est., 201 Pa. 609; Fahnestock v. Fahne-
stock, 152 Pa. 56; Seeds v. Burk, 181 Pa. 281.

There is not such a blending of the decedent's real and
personal estate in his will as to clearly show that he in-
tended to create a common fund and bequeath said fund
as money, nor is there an absolute necessity to sell in
order to execute the will: Lindley's App., 102 Pa. 235;
Linnard's Est., 24 W. N. C. 492; Porter's App., 94 Pa.
332.

OPINION BY MR. JUSTICE WALLING, March 12, 1917:

The question in this case is, Does testator's will work an equitable conversion of his real estate? Dr. Leander T. Chamberlain, a clergyman of the City of New York, made his last will in 1909, and died in 1913, and thereafter the will was duly probated. It was drawn by testator, contains fourteen paragraphs, and provides for the payment of his debts and funeral expenses and for the care of his burial lot; bequeaths a niece all his personal chattels; makes bequests aggregating $65,000, to certain named religious, benevolent and scientific organizations; also gives to a certain institute, located in Turkey, which he had projected and which was under his fostering care, a bequest of $100,000, and makes the institute his residuary legatee. The will further provides that, should testator's estate prove insufficient to meet all of the devises and bequests, the deficiency to be deducted from the $100,000 bequest.

When the will was made the testator's personal estate amounted to about $30,000, and at his death to about $10,000; and he was the owner of real estate situate in Colorado, Massachusetts and Pennsylvania. Dr. Chamberlain's income was sufficient to meet his personal expenses, and he also derived a small revenue from the sale of books of which he was the author. Prior to the making of his will, and as a result of the San Francisco fire, he had suffered financial losses from shrinkage of the value of stocks held by him in certain fire insurance companies.

His estate was derived from his wife, the late Frances Lea Chamberlain, who died in 1894; and his several charitable bequests were given largely to perpetuate her memory, and to the institutions in which she had shown special interest. John T. Dooling, Esq., of New York, was made sole executor of the will; and authority to sell real estate was conferred upon him in the following language:

"And I hereby grant to and confer on the said John T.

Dooling, full power to sell any or all of my real estate, either at public or private sale, at such time or times, upon such terms and for such price or prices, as to him shall seem best, and upon such sale or sales to execute and deliver to the purchaser or purchasers deeds or conveyances in fee simple or any less estate as the case may be."

The real estate in Pennsylvania was appraised, for the purpose of collateral inheritance tax, at the sum of $62,210; but, as testator was a nonresident, it is not liable to such tax unless it retains its character as real estate. The learned auditing judge, and Orphans' Court, held there was no conversion, and that the real estate as such was liable for the tax: from which the executor took this appeal.

In Hunt's App., 105 Pa. 128, 141, Mr. Justice PAXSON, speaking for this court, says:

"In order to work a conversion, there must be either ......1st. A positive direction to sell; or 2d. An absolute necessity to sell in order to execute the will; or 3d. Such a blending of real and personal estate by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath the said fund as money."

Here there is a discretionary power of sale but no positive direction to sell. A bare power of sale, such as a discretionary power, will not work a conversion until exercised: Peterson's App., 88 Pa. 397; Sheridan v. Sheridan, 136 Pa. 14; Darlington v. Darlington, 160 Pa. 65. And, as the residuary legatee could elect to take the real estate as such and pay the pecuniary legacies, there might be no absolute necessity to sell in order to execute the will here in question.

Mere blending of real and personal estate without a clear and indubitable intent to create a common fund and bequeath it as money, will not constitute a conversion: Lindley's App., 102 Pa. 235. Such blending will create a charge upon the land, but to produce a conversion there

must also be an intent to bequeath the fund so created as money. As was said by Judge PENROSE:

"The question of conversion is to be determined from the will itself and is not affected by the accidental fact that the personal estate may prove insufficient for the payment of legacies." Curry's Est., 19 Philadelphia 92.

Conversion is a matter of intention and it must have been in the mind of the testator when the will was made.

The law seems to be that, "A necessity to sell real estate which was not foreseen by the testator will not work a conversion."

The provision in the will as to the abatement of the $100,000 bequest, in effect makes it a part of the residuary estate; and testator may have anticipated that his personal estate would ultimately prove sufficient to meet the other legacies; in fact such personal estate had been much larger than it was when the will was made. Dr. Chamberlain may have intended to dispose of parts of his real estate in his lifetime, as in fact he endeavored to do. There may also have been other reasons why he anticipated that his personal estate would be increased before his death. This case is not ruled by Vanuxem's Est., 212 Pa. 315, for there the sale was expressly authorized for the purpose "of administration, distribution or otherwise;" language not found in the will of Dr. Chamberlain; as therein no reason or object is expressed for the discretionary power of sale. The law does not favor a conversion, the presumption is against it, and in our opinion the language of the will in question does not work a conversion of the real estate.

The assignments of error are overruled and the appeal is dismissed at the costs of testator's estate.