## Reel's Estate.  Foreman's Appeal.

*Wills—Decedents' estates—Deficiency of personal assets—Real estate—Conversion—Payment of insurance—Creditors—Failure to establish lien—Conversion—Necessity.*

1. Where there is a failure of personal assets with which to pay the debts of a decedent, creditors who have failed to establish a lien on the real estate cannot participate in the distribution of the proceeds of a sale thereof, in the absence of conversion by the will, although their claims have been approved at the audit of the executor's account.

2. Where a testatrix by her will gave no positive direction to sell real estate, but leaves personal assets insufficient to pay debts and legacies, and directs that her real estate shall be held for memorial purposes, there is no conversion of the real estate by necessity.

3. The necessity must have been contemplated by testatrix, in order that the scheme of the will could be carried out, and not be merely a necessity as a matter of fact arising out of the actual circumstances of the estate after death.

Argued October 11, 1921.  Appeal, No. 73, Oct. T., 1921, by Henry A. Foreman, a creditor, from decree of O. C. Allegheny Co., Sept. T., 1920, No. 741, dismissing exceptions to adjudication, in estate of Almatia L. Reel, deceased.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Exceptions to adjudication.   Before MILLER, P. J.

The clause of the will of Almatia L. Reel which is the subject of consideration is as follows: "All the rest and residue of my estate, including my dwelling-house known as Reel Hall, and all furniture and fixtures therein contained, I give, devise and bequeath unto The Grand Lodge of Pennsylvania of Free and Accepted Ancient York Masons as a memorial to my deceased parents and to my deceased brother, Casper Reel, Jr., a former member of said Masonic Order, to be known as 'Reel Hall' and to be used for such charitable, educational or Masonic purposes as may be deemed best from time to time by said Grand Lodge.   It is my desire that the dwelling house known as 'Reel Hall,' shall be preserved by said trust as long as possible, and that thereafter another building to be known as 'Reel Hall' shall be erected at or near its present site."

Other facts appear by the opinion of the Supreme Court.

Exceptions dismissed.   Henry A. Foreman, a creditor, appealed.

*Error assigned,* among others, was decree, quoting it.

*A. D. Wilkin,* for appellant.—The will worked a conversion: Hunt's App., 105 Pa. 128; Cooper's Est., 206 Pa. 628; Keim's Est., 201 Pa. 609; Jones v. Caldwell, 97 Pa. 42; Vanuxem's Est., 212 Pa. 315; Severns's Est., 211 Pa. 65.

*George H. Quaill,* for appellees.—There was no conversion: Oliver's Est., 199 Pa. 509; Yerkes v. Yerkes, 200 Pa. 419; Sauerbier's Est., 202 Pa. 187; Raleigh's Est., 206 Pa. 451; Henszey's Est., 220 Pa. 212; Chamberlain's Est., 257 Pa. 113; Luffberry's App., 125 Pa. 515.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

Almatia L. Reel died possessed of a small amount of personalty and encumbered real estate.   By her will she

bequeathed large sums, in proportion to the size of her estate, to various legatees, and gave the rest and residue, including her dwelling house, known as Reel Hall, to the Grand Lodge of Masons as a memorial. She directed that this building be preserved as long as possible, and thereafter a new structure be erected near the same site to bear the same distinctive name. No power of sale was given to the executors named. The personal estate was less than one thousand dollars, and creditors had valid claims of many times this amount. Specific legacies more than equaled the entire value of the realty and personalty, and these constituted charges upon the land: Reel's Est., 266 Pa. 221.

The appellant had a claim, the justice of which does not seem to be disputed. It was presented at the audit of the first account of the executors, and allowed by the orphans' court. No steps were taken, however, at any time to secure and maintain a lien on the decedent's real estate, it being apparently assumed that the will worked a conversion, and that the proceeds of the sale of the testatrix's land would be considered personalty. Subsequently, the property was disposed of, and the sum received was brought before the court for distribution. Clearly, the debt is not payable therefrom unless there was a conversion, as first indicated by the auditing judge. Though the orphans' court had authority to adjudicate what sums were due by the decedent, and to order the land sold for the payment of debts, yet an award by it will not obviate the necessity of complying with the conditions fixed by statute, if the creditor is to share in the proceeds of the realty. Reference need be made only to the recent discussion of this proposition in Kirk v. Van Horn, 265 Pa. 549, 555.

The right of the appellant must rest therefore on the determination of the character of the fund for distribution. Upon reconsideration, the orphans' court found that no conversion was worked, and that the proceeds of the sale were in effect realty, with the result that cred-

itors, who had failed to comply with the statutory requirements by securing a lien within the time prescribed, were barred from participation. This conclusion is amply sustained by the authorities.

As was said in Hunt's and Lehman's Appeals, 105 Pa. 128, 141, and has been repeated frequently, there must be either, "1st, a positive direction to sell; or, 2d, an absolute necessity to sell in order to execute the will; or, 3d, such a blending of real and personal estate by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath the said fund as money."

In the present case, there is no positive direction to sell, nor is there even a power of sale for the payment of debts, which, in itself, would be insufficient to work a conversion: Davidson v. Bright, 267 Pa. 580. We find no discretion lodged in any one to dispose of the realty: even this would not be enough: Chamberlain's Est., 257 Pa. 113. The only theory on which the change into personalty could be sustained would rest on an absolute necessity to sell for the purpose of paying debts and legacies. It is argued that, in view of the small amount of personalty, the testatrix must have been conscious of the fact that the sale of her lands would be required; from this, an intention that this be done is inferred. "The question of conversion is to be determined from the will itself, and is not affected by the accidental fact that the personal estate may prove insufficient for the payment of the legacies": Chamberlain's Est., supra. The necessity must have been contemplated in order that the scheme of the will could be carried out, and not be merely a necessity as a matter of fact arising out of the actual circumstances of the estate after death.

An examination of the will before us does not justify the conclusion that the testatrix had in mind the disposal of her realty. On the contrary, it was her purpose that it be conserved for memorial purposes. She may have believed that the residuary legatee would pay the

legacies, and establish the home as desired by her. Clearly, she was not blending her estate with the purpose of bequeathing the whole fund as money, for it was her desire to have Reel Hall maintained.

This case is not ruled by Vanuxem's App., 212 Pa. 315; Severns's Est., 211 Pa. 65, or Keim's Est., 201 Pa. 609, cited by appellant, where directions to sell appear, and such action became necessary for the purpose of distribution; but by the principles enunciated in Chamberlain's Est., supra, and Davidson v. Bright, supra. No conversion was worked, and the fund in hand was properly distributed to those creditors who had secured a lien upon the land, and the legatees whose claims were a charge thereon.

The assignments of error are overruled, and the decree of the orphans' court is affirmed at the cost of the appellant.