## Schoen's Estate.

*Will—Construction—Conversion—Gift to widow.*

1. Before the governing rules respecting conversion operate in construing a will, the purpose of the testator, applied to the subject-matter under consideration, must first be ascertained, and, when thus ascertained, the rule operates only so far as is necessary to carry that purpose into effect.

2. The mere blending of real and personal estate, without a clear and indubitable intent to create a common fund, and the accidental fact that the personal estate may prove insufficient to pay legacies, will not of themselves constitute a conversion.

3. Where there is a discretionary power of sale or there is a necessity to sell to execute a will, or a fund is created, from the blending of real and personal property, that is devised as money, conversion does not become effective in law until it is at least certain conditions will arise calling for its use.

4. Conversion is a fiction and should not be dealt in until there is an absolute necessity for it.

5. Until conversion actually happens, land is still land, and money still money.

6. Where a testator gives, devises and bequeaths to his wife "such portion of my estate and in such manner as she would be entitled to receive under the intestate laws had I died intestate," and further provides that if, "after computing and setting aside" his wife's portion, the rest shall not equal the amount of subsequent bequests, the latter shall abate proportionately, and there is insufficient personalty to meet subsequent bequests in the will, there is no such conversion of realty into personalty as to give the widow an absolute estate in any portion of the real estate, as personalty. Thompson's Est., 229 Pa. 542, followed; Dull's Est., 222 Pa. 208, distinguished.

7. Such a provision in a will, which became operative on February 4, 1917, will be construed in part as a gift of one-third of the personalty absolutely, and a life estate in one-third of testator's real estate.

Argued February 7, 1922. Appeals, Nos. 249, 250 and 251, Jan. T., 1922, by M. Roy Jackson, and M. Roy Jackson, administrator of estate of Lenore Schoen Jackson, deceased, and Delaware County Trust Co., Guardian of estate of Lenore Jackson and Jane Jackson, minor children of M. Roy Jackson and Lenore Schoen Jackson, deceased, from decree of O. C. Delaware Co., June T., 1921, No. 116, dismissing exceptions to auditor's report, in estate of Charles T. Schoen, deceased. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Exceptions to report of Frank G. Perrin, Esq., auditor.

By the first clause of his will testator, who died on July 4, 1917, after bequeathing all his personal belongings and personal property pertaining to the furnishing and equipment of the household and farm in Delaware County, Pennsylvania, etc., stated, "it is my wish that no appraisement be made of any of said articles and that the value thereof be not considered in computing the value of my personal property hereinafter bequeathed."

By the second clause of his will he devised as follows: "I give, devise and bequeath unto my wife Levina J. Schoen such portion of my estate and in such manner as she would be entitled to receive under the intestate laws had I died intestate."

By the third, fourth and fifth clauses he gave, devised and bequeathed unto the Girard Trust Company, of Philadelphia, three separate sums of $200,000 in trust to pay the income thereof to each of his three daughters, for life, with power of appointment, etc.

By clause 6 he gave, devised and bequeathed the sum of $50,000 to the Girard Trust Company in trust for his grandson, Edwin A. Schoen, for life, with power of appointment in his grandson if he attained the age of twenty-one years and if he should die before reaching the age of twenty-one years and not leaving his mother surviving him, the sum of $50,000 was to become part of testator's residuary estate, subject to the provisions regarding his residuary estate thereinafter mentioned.

Clause 7 is as follows: "If after computing and setting aside that portion of my estate to which my said wife shall be entitled herein, the rest of my estate shall not equal in value the sum of Six hundred and fifty thousand dollars (650,000), then above mentioned four devises and bequests made unto the said Girard Trust Company in trust for my three daughters and my grandson as mentioned in paragraphs 3, 4, 5, and 6 hereof, shall abate proportionately as to those devises and bequests only."

By clause 8 he devised as follows: "All the rest, residue and remainder of my estate I give, devise and bequeath unto my three daughters, namely: the said Elsie McLanahan, E. B. S. Johnson and Lenore Jackson, their heirs and assigns absolutely forever, share and share alike."

By clause 9 he gave his executor full power to dispose of all or any part of his real and personal property either at public or private sale, etc., with full power to make, execute and deliver deeds, etc.

By clause 10 he appointed the Girard Trust Company the executor of his will and also trustee in the various instances hereinabove mentioned.

Attached to the will was a codicil, as follows:

"By this codicil made this Sixteenth day of March A. D. one thousand nine hundred and thirteen (1913) to my last will and testament dated the Twenty-ninth day of September A. D. 1908, I, Chas. T. Schoen, the testator, do hereby direct that from the bequests made to each of my said daughters, there shall in each instance be deducted the total amount which the husband of such daughter stands indebted to my estate by reason of loans in money or securities made by me to such husband thereby wholly discharging the obligation of such husband to my estate."

Other facts appear by the opinion of the Supreme Court.

Exceptions dismissed, in an opinion by HANNUM, P. J. M. Roy Jackson, and M. Roy Jackson, administrator of Lenore Schoen Jackson, and Delaware Trust Co., guardian, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*John B. Hannum, Jr.,* of *Hannum, Chadwick & Weeks,* for appellants.—Under the intestate laws conversion is unknown, and, following this path, the courts have frequently held that even where there is a direction to convert and the widow takes against the will, she shall not

participate in the conversion, but take that which the intestate laws give her: Petterson's Est., 195 Pa. 78; Hoover v. Landis, 76 Pa. 354; Barber's Est., 14 Pa. C. C. R. 167; Cunningham's Est., 137 Pa. 621.

Necessity to carry out testator's intention is the reason for the interposition of the doctrine of conversion. The doctrine will be applied so far, and only so far, as is necessary to accomplish that end: Painter v. Painter, 220 Pa. 82; Foster's App., 74 Pa. 391; Acklin's Est., 237 Pa. 528; Wilson v. Hamilton, 9 S. & R. 424; Glentworth's Est., 221 Pa. 329; Thompson's Est., 229 Pa. 542; Sauerbier's Est., 202 Pa. 187; Yerkes v. Yerkes, 200 Pa. 419.

*John M. Broomall,* for appellee.—The will worked a conversion: Marr's Est., 240 Pa. 38; Bergdoll's Est., 258 Pa. 108; Fahnestock v. Fahnestock, 152 Pa. 56; Dull's Est., 222 Pa. 208.

OPINION BY MR. JUSTICE KEPHART, April 10, 1922:

The sole question in this appeal is whether there was a conversion of realty into personalty, whereby the widow took an absolute estate in all the property. By the will of Charles T. Schoen, his wife was to receive "such portion of my estate and in such manner as she would be entitled to receive under the intestate laws had I died intestate." The court below found there was not sufficient personalty to meet subsequent bequests, hence there was an implied conversion, arising from an absolute necessity to sell to execute the will; and, further, there was a fund created from a blending of the real and personal property bequeathed as money. The implied conversion was then used not only to carry out testator's intention as it related to the subsequent bequests, but, once invoked, it reached all dispositions, including that to the widow. This was a misapprehension of the fundamental principles of equitable conversion.

Before discussing them, it might be well to state the language used in the devise to the wife was in fact a devise of one-third of the personalty absolutely, and a life estate in one-third of his real estate. Land was specifically devised to her as such. It certainly was not testator's intention, from this bequest, to give one-third of his estate absolutely. (The important parts of the will are found in the Reporter's notes.)

It must be remembered, before the governing rules respecting conversion operate in construing a will, the purpose of the testator, applied to the subject-matter under consideration, must first be ascertained, and, when thus ascertained, the rule operates only so far as is necessary to carry that purpose into effect: Painter v. Painter, 220 Pa. 82, 86. The mere blending of real and personal estate, without a clear and indubitable intent to create a common fund, and the accidental fact that the personal estate may prove insufficient to pay legacies, will not, of themselves, constitute a conversion: Chamberlain's Estate, 257 Pa. 113, 116.

The law does not favor conversion, and, as a general rule, where there is a clear intent to convert, it takes effect from the death of the testator. Where, as here, there is a discretionary power of sale, or there is a necessity to sell to execute a will, or a fund is created from a blending of real and personal property that is devised as money, such conversion does not become effective in law until it is at least certain conditions will arise calling for its use. Conversion is a fiction, and should not be dealt in until there is an absolute necessity for it. On a first survey of an estate it may appear necessary to sell to carry out an intention; subsequent developments may make it unnecessary. The residuary legatees, or persons beneficially interested, may elect to take real estate as such and pay pecuniary legacies; a change in values may make it wholly unnecessary to sell; other conditions may arise causing the same result. The point we wish to make clear is, until conversion actually

happens, land is still land, and money still money. Conversion ordinarily takes place when a sale of the property is made: Davidson v. Bright, 267 Pa 580, 583, 584, 585; Reel's Est., 272 Pa. 139. At testator's death we have both land and personalty on which the widow's devise fastens, not to be subsequently loosened by what may happen to the rest of the estate.

The legacies were presumably larger in amount than the personal estate, and, to work them out, it may be necessary to sell the real estate and create a common fund; if the testator had this in view and gave away more than he had, or it arose from a subsequent depletion in value of his personal property, it related, under the will, solely to these bequests, not to the widow's. The controlling principle is laid down in Thompson's Est., 229 Pa. 542, 544 et seq., where the testator gave to his wife one-half the personal property and one-half the income from his real estate, coupled with a positive direction to sell, working a conversion from the death of the testator. Notwithstanding this positive direction to sell and convert, we held the devise to the widow should assume the shape the testator intended it,—one-half of the personal property and one-half of the income from the real estate; she was not entitled to one-half of the proceeds of the real estate as personal property,—the testator had no thought of converting the real estate into personal property for the purpose of bringing it into the terms of the bequest to his widow. While appellants argue the use of the word "income" distinguishes the cases, what the widow gets under the present will is the use or income of one-third of the real estate for life. There may be a little difference in the language, but the effect is the same. Here we have this language, "compute and set aside." The personal property would ordinarily be computed and the real estate set aside.

It is urged the case is analogous to Dull's Est., 222 Pa. 208. With this we cannot agree. The testator there intended all his property to be treated as personalty, and

as such directed his widow should receive her legal share of the real and personal estate. She was to receive one-half the proceeds because of the express direction "that her share be paid to her," coupled with a positive direction to sell. And it was to be paid to her out of the estate just as the shares of the three sisters were to be paid to them; we held the entire estate passed as personalty, and from it she took her legal share.

The court below was in error in holding it impossible, as to the widow's devise, to carry out the will without a sale, as a result of which a conversion was effected as to her interest.

The assignments of error are sustained, the decree of the court below is reversed, and the record is remitted with directions to distribute in accordance with this opinion; costs to be paid by the estate.