## Brumbaugh, Adm'r, Etc., Appellants, *v.* Krouse.

*Wills—Real estate—Power of sale—Sale by administrator d. b. n. c. t. a.*

Where a testator gave his wife a life estate in all his property, expressing the intention to provide "for her comfortable maintenance in sickness and health equal to what she has ever enjoyed during our married life," and gave her, as executrix, full power of sale, as to any and all of his real estate, such power being evidently given expressly for the benefit of the wife, did not survive at her death to the administrator d. b. n. c. t. a.

Argued April 12, 1922. Appeal, No. 171, April T., 1922, by plaintiff, from judgment of C. P. Jefferson County, Oct. T., 1921, on case stated, in the case of B. B. Brumbaugh, Administrator d. b. n. c. t. a. of the Estate of Henry Ernst, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Case stated. Before CORBET, P. J.

The facts are stated in the opinion of the Superior Court.

The court below entered judgment for defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*A. J. Truitt,* for appellant.—The powers having been given the executrix virtute officii survive to the administrator d. b. n. c. t. a.: Potts v. Breneman, 182 Pa. 295; Tarrence v. Reuther, 185 Pa. 279.

No appearance and no printed brief for appellee.

OPINION BY LINN, J., July 13, 1922:

The question is whether the administrator d. b. n. c. t. a. of Henry Ernst, deceased, may exercise the power of sale in decedent's will conferred upon his wife as executrix, or whether it ended with her death.   The appeal is from a judgment for defendant on a case stated, and an amendment thereto, filed to obtain the opinion of the court upon that question.   Plaintiff as administrator d. b. n. c. t. a., by writing agreed to sell land of decedent to defendant, who, contending that the power of sale had not passed, declined to accept the deed tendered.   This suit to enforce payment was then brought.

Henry Ernst died October 14, 1914, leaving a will in which his wife Catharine was named as executrix.   She died before testator.   The will was proved.   His son Frank J. Ernst was appointed administrator d. b. n. c. t. a.; he resigned, and plaintiff was appointed to succeed him.   In the case stated as originally filed, it was agreed "that all the debts of said Henry Ernst had been paid," apparently referring to the time when the case stated was agreed upon; but in the supplement to the case stated, it is agreed that "personalty left by him had been or was used in payment of taxes, insurance, expenses and repairs in his estate as provided in his said last will"; we are therefore uninformed what personal estate decedent left.   It is agreed that he left real estate valued at $20,000.   For a long time before his death decedent "was in a helpless condition both mentally and physically, said court having appointed a guardian for

his person and estate" and when the guardian's account was filed on July 9, 1915 it showed an indebtedness of decedent of $3,008.21 "which balance yet remains unpaid." It is also agreed that the specific legacies of $3,800 contained in decedent's will are also unpaid and that both sums are "to be paid out of said real estate left by decedent."

The answer to the question proposed of course depends on the interpretation of the will. After directing his executrix to pay his "debts, funeral expenses and charges of proving this my last will," and bequeathing to his wife all his personal property, he continued: "I also give and devise to my said wife the use of all my real estate for and during her natural life. She may make private sale of any part thereof or of all thereof at any time she may so desire and I hereby give to her full power and authority to make any such sale or sales and to make proper conveyances therefor and to receipt for and receive all monies for same, all as fully as I could sell and convey same if living and without leave of court. She shall do all same as my executrix.

"Third. My said wife Catharine Ernst shall keep sufficient monies of my estate on hand at all times to pay all taxes, insurance and other expenses and repairs and shall have the right to use for her own benefit all property and money required and necessary and proper for her comfortable maintenance in sickness and health equal to what she has ever enjoyed during our married life. And all of my estate not so required by her she as my executrix shall keep safely invested and take good care of all same.

"Fourth. At the decease of my said beloved wife Catharine Ernst I give, devise and bequeath the residue of my estate then remaining in manner following, viz: to Carl E. Brillhart son of my daughter Mrs. Lalie M. Brillhart, One Thousand Dollars; to my daughter Mrs. Ella M. Brumbaugh nee Ernst One Thousand Dollars; to Mollie C. Ernst and Charles G. Ernst children of my

son Dr. Chas. G. Ernst, deceased, the sum of Five hundred dollars each; to my son Dr. Frank J. Ernst Eight Hundred dollars; and all the rest, residue and remainder of my estate real, personal and mixed then remaining I give, devise and bequeath to my two sons Dr. Frank J. Ernst and Dr. Henry W. Ernst, share and share alike. In case my said wife, executrix herein, shall so decide, she may pay any or all of the legacies above set forth at any time during her lifetime and said several payments shall be in full thereof." He also appointed his wife executrix.

As there is no direction to sell, and nothing indicating an intention at his death to create a fund out of both his real and personal estate to pass as money alone, it is clear there was no equitable conversion: Curry's Estate, 19 Phila., 92; Chamberlain's Estate, 257 Pa. 113, 116; Reel's Estate, 272 Pa. 135, 138. As he survived his wife, there is neither occasion nor necessity to provide money for her for the purposes indicated in the third and fourth paragraphs. There is nothing to indicate that he considered a sale of his real estate necessary for the purposes of distribution.

Apparently intending that his wife should have "comfortable maintenance in sickness and health equal to what she has ever enjoyed during our married life," and also intending that she might, if she "shall so decide" hasten the time of enjoyment by "any or all" of their children or grandchildren mentioned, he conferred upon his wife as executrix, the power to sell real estate to raise such money as she should require for those purposes; he intended to provide for her comfort and happiness. But the clear indication of those purposes negatives the suggestion that a power of sale for such purposes should be exercised by anyone after his wife's death. Nor would it be supposed without some clearer expression on the subject, that he intended that some administrator with the will annexed, should decide whether "any or all" and if any, which, of his children or grandchildren, should

have payment of their legacies hastened during the short
period which should normally be required for the dis-
tribution of his estate.

Concluding, therefore, that the power of sale did not
survive, we must overrule the assignment of error: "The
duration of an executor's power to sell real estate de-
pends upon the intent of the testator, and where the will
shows that the testator gave this power for a particular
purpose the power ceases to exist after that purpose has
been accomplished or has become impossible or unat-
tainable," Potts v. Breneman, 182 Pa. 295 at p. 300;
Wilkinson v. Buist, 124 Pa. 253; Fidler v. Lash, 125 Pa.
87; Kauffman v. Hollinger, 4 W. N. C. 27; Swift's Ap-
peal, 87 Pa. 502.

The judgment is affirmed.