Shaffer et al., Appellants, v. Shaffer et al.

Argued March 29, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Philip E. Hamilton,* for appellants.

*A. G. Helbling,* with him *John J. McKelvie,* for appellees.

OPINION BY MR. JUSTICE LINN, June 25, 1946:

By his will, George Shaffer, after directing the payment of his debts and funeral expenses and providing for the care of his burial lot, left the rest of his property, real and personal, to four nephews and a niece in equal shares. Three of them are plaintiffs in this suit; they filed this bill in the Court of Common Pleas of Allegheny County, the county of testator's domicil, against the other two for the partition of four parcels of real estate, three of them located in Pittsburgh in Allegheny County, Pennsylvania, and the other in Youngstown, Ohio. The defendants filed preliminary objections to the bill, asserting, inter alia, that the doctrine of equitable conversion applied with the result that there was nothing to be partitioned; that one of the four parcels of real estate was in Ohio, that another had been sold by the executors. The court below held there was a conversion and dismissed the bill. The plaintiffs took separate appeals.

The decision depends on the construction of the will of George Shaffer. If he clearly stated his intention to give the proceeds received from the sale of his land instead of the land itself, the decree was correct; if the intention is not clearly expressed, his beneficiaries took land and not the proceeds of the sale of land and the decree must be reversed.

In *Yerkes v. Yerkes,* 200 Pa. 419, 423, 50 A. 186, Mr. Justice MITCHELL said: "The doctrine of equitable conversion is based on the rule that what is to be, or ought

to be done shall be treated as if done already. It is a fiction therefore invented to sustain and carry out the intention of the testator or settlor, never to defeat it. Its application requires constant watchfulness to guard against the tendency to become a formal rule de jure without regard to its real purpose and necessity. It should never be overlooked that there is no real conversion, the property remains all the time in fact realty or personalty as it was, but for the purpose of the will so far as it may be necessary, and only so far, it is treated in contemplation of law as if it had been converted. Few testators have any knowledge of the doctrine or any actual intent to change the nature of their property except when and to the extent that may be required to carry out the special purpose of the will. The presumption therefore, no matter what the form of words used, is always against conversion, and even where it is required it must be kept within the limits of actual necessity. These are very elementary propositions, but it is necessary to recur to them frequently to avoid the tendency already referred to, the danger of which is apparent in many of our cases." See also Restatement, Trusts, section 131; Scott on Trusts, section 131.

Testator died December 28, 1940. The residuary provisions of his will are contained in the third, fourth and fifth paragraphs:

"Third. I direct that my executors hereinafter named shall, at their discretion, sell and convey all or any part of my real estate or personal property to such person or persons for such price or prices and upon such terms as to them may seem best.

"Fourth. My executors, hereinafter named, shall have power and authority prior to the sale of any or all of my real estate, to take full charge and manage the same with power to rent the same, collect rents, make repairs, keep the buildings thereon insured and to pay all taxes and other expenses of maintaining said property.

"Fifth. All the rest, residue and remainder of my estate, wheresoever the same may be situate or found at

my decease, I direct shall be divided into five (5) equal parts and I hereby give, devise and bequeath one (1) of said parts to Mathilda Schilling of Rochester, Pennsylvania; one (1) of said parts to my nephew, Roy A. Shaffer of New Brighton, Pa.; one (1) of said parts to my nephew, Albert W. Shaffer of New Brighton, Pa.; one (1) of said parts to my nephew Earl E. Shaffer of New Brighton, Pa.; and the remaining one (1) part to my nephew Charles T. Shaffer of Sharon, Pa.; to have and to hold the same to them, their heirs and assigns forever."

The bill for partition was filed August 20, 1945. The defendants contend that testator directed his executors to sell and that it is necessary, in carrying out the terms of the will, to treat the land as equitably converted into money. We must reject the contention. The will does not contain an absolute direction to sell; on the contary, the sale is directed "at the discretion" of the executors; the paragraph is ambiguous as the word "discretion" may perhaps be understood as relating to the time or the order of sale or terms of payment and the like. We understand the provision to confer a grant of power or authority to sell and not a mandatory or absolute direction to do so. If, as was said in *Yerkes v. Yerkes,* supra, the presumption is against conversion, we must have something more than the words of the third paragraph of the will.

The fourth paragraph authorizes the executors "prior to the sale of any or all of my real estate" to manage and administer it, but, on the question of conversion, we receive no aid from that paragraph. The technical words used in the fifth paragraph express the intention to give land and not money. In that paragraph he disposed of the "rest, residue and remainder" by directing its division into five equal parts, giving, *devising* and bequeathing one part to each of the persons named. The use of the word "devise" with the limitation to "them, their heirs and assigns forever" would indicate that he was disposing of real estate.

In passing on the preliminary objections we must of course accept the facts averred in the bill and disregard facts stated in the preliminary objections; compare *Pew v. Minor*, 216 Pa. 343, 65 A. 787.

Considering the whole will, we find no absolute direction to sell, no such blending of real and personal property as to express an intention to give the proceeds instead of the property, no necessity to sell for the purpose of carrying out the terms of the will.*

With respect to the parcel of land in Ohio, appellants' brief states that it was included by mistake; we assume proper steps will be taken to correct the mistake; the partition statute does not attempt to authorize partition of land in another state.

Decree reversed; bill reinstated, record remitted for further proceedings; costs to abide the result.

_____

* *Suppes's Estate*, 322 Pa. 385, 185 A. 616; *Severn's Estate*, 211 Pa. 65, 60 A. 492; *Schoen's Estate*, 274 Pa. 28, 117 A. 488; *Loew's Estate*, 291 Pa. 22, 139 A. 582; *Davidson v. Bright*, 267 Pa. 580, 110 A. 327; *Smith's Estate*, 314 Pa. 437, 171 A. 587; *Battenfeld v. Kline*, 228 Pa. 91, 77 A. 416.