## Kikel, Appellant, *v.* Kikel.

Argued November 10, 1952. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Edward J. McGinness,* for appellant.

*Calvin E. Pollins,* with him *Pollins & Pollins, C. Joseph Recht* and *Recht & Recht,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 5, 1953:

Plaintiff commenced the present proceeding by filing a bill in equity for partition of four parcels of real estate, alleging that under the will of their mother, Sophia Kikel, she and her four brothers (defendants) were tenants in common of these properties. Upon petition of Henry Kikel, one of the defendants and executor of the will of Sophia Kikel, the court below set aside the service and dismissed the bill.

Whether or not the bill was properly dismissed depends upon whether there was an equitable conversion of the real estate into personalty by the will of the decedent: *Keim's Estate,* 201 Pa. 609, 51 A. 337; *Mahoney Estate,* 356 Pa. 358, 52 A. 2d 328. Relevant portions of the will read as follows:

"First: It is my Will that all my just debts and funeral expenses and the expenses of the settlement of my estate be paid or compromised from the assets of my estate by my executors hereinafter named as soon as it is convenient to do so.

"Second: I give, devise and bequeath unto my son, Frank Kikel, $2300.00, and to my son Henry Kikel, $100.00, all the rest of my estate, real, personal or mixed whatsoever or wheresoever the same may be, I give, devise and bequeath unto my following children, Frank Kikel, my son, Joseph Kikel, my son, Henry Kikel, my son, John Kikel, my son, and Sophia Kikel, my daughter, share and share alike to be theirs absolutely, their heirs and assigns, forever.

"Third: I hereby nominate and appoint Henry Kikel, my son, to be the executor of this my last Will and Testament, to serve without bond. I hereby authorize and empower my executor herein named to make, execute and deliver a good and sufficient deed or deeds for the real estate sold."

Testatrix died on April 14, 1948, possessed of personalty valued at $302.50 and real estate appraised for transfer inheritance tax purposes at $22,500.00. The pleadings do not disclose the amount of her debts at the date of death. The executor has collected $8,228.41 in rents and profits of the real estate and has paid out $8,438.14 on account of debts, maintenance of the properties, taxes, fire insurance premiums, and legacies.

It is a rule of long standing that "conversion is always a question of intent": *Hunt's and Lehman's Appeals,* 105 Pa. 128, 141. The three indications of an intent to convert are: (1) a positive direction to sell, (2) an absolute necessity to sell in order to execute the will, or (3) such blending of realty and personalty as to show clearly that testator intended to create a fund out of both real and personal estate and to bequeath that fund as money: *Lagges Estate,* 361 Pa. 205, 208, 64 A. 2d 832, and cases therein cited.

The facts of the instant case are quite similar to those in *Lagges Estate,* supra. While the will con-

tains no positive direction to sell, there is an absolute necessity to sell at least some of the real estate to pay legacies; also the words of the residuary clause indicate an intent to treat realty and personalty as one fund for distribution. Appellant has attempted in her paper book to distinguish the present case from *Lagges Estate* by saying that there "conversion was effected by an actual sale of real estate". Such an interpretation of the case overlooks the plain language of the opinion: ". . . we have construed this will as a blending and conversion of real estate into personalty. . ." (p. 208).

Appellant has referred to cases holding that a direction to pay debts is not alone enough to accomplish conversion: *Krick's Estate*, 342 Pa. 212, 20 A. 2d 195; that a discretionary power of sale alone is not sufficient: *Nelson's Estate*, 278 Pa. 416, 123 A. 326; *Shaffer v. Shaffer*, 354 Pa. 517, 47 A. 2d 702. It is likewise true that blending of personalty and realty does not always result in a conversion. In *Schoen's Estate*, 274 Pa. 28, 117 A. 448, Justice (later Chief Justice) KEP-HART said (p. 33) : "The mere blending of real and personal estate, without a clear and indubitable intent to create a common fund, and the accidental fact that the personal estate may prove insufficient to pay legacies, will not, of themselves, constitute a conversion: Chamberlain's Estate, 257 Pa. 113, 116."

These and other cases where we have refused to apply the doctrine of equitable conversion demonstrate that such questions cannot be decided by rigid mechanical application of any formula but require in each case a determination of the intention of the testator as revealed in his will. See: *Vanuxem's Estate*, 212 Pa. 315, 61 A. 876; *Suppes's Estate*, 322 Pa. 385, 185 A. 616. In the instant case the testatrix indicated an unequivocal intention to convert *by bequeathing leg-*

204

*acies about eight times the size of her personal estate and by treating realty and personalty in her residuary estate as one fund to be divided into five equal portions.*

Decree affirmed at appellant's cost.