## Hogg's Estate.

*Taxation—Inheritance tax—Intestates—Tangible personal property in other states—Due process—Federal constitution—Constitutional law.*

1. Tangible personal property of an intestate domicile in Pennsylvania, which has its situs in another state, and on which an inheritance tax has been paid in such state, is not subject to an inheritance tax in Pennsylvania.

2. A tax on such personalty would be a violation of the "due process" clause of the XIVth Amendment of the Federal Constitution. Frick v. Pennsylvania, U. S. Rep., followed.

Argued October 14, 1924. Appeal, No. 123, Oct. T., 1924, by the Commonwealth, from decree of O. C. Allegheny Co., Sept. T., 1923, No. 617, dismissing exceptions to adjudication in estate of George Alexander Hogg, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication, refusing claim for tax.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by MILLER, J. See 72 Pitts. R. 270.

The Commonwealth appealed.

*Error assigned* was, inter alia, decree, quoting it.

*John Robert Jones,* Deputy Attorney General, with him *George W. Woodruff,* Attorney General, and *Charles A. Waldschmidt,* for appellant.—The law of the domicile of the decedent governs the transfer or transmission of tangible personal property situate in another state.

The domiciliary state may compute the tax upon the transfer or transmission of the property situate within its borders and subject to its jurisdiction by including within the clear value of the estate of the decedent to which the rate of tax is applied, the value of tangible personal property situate in another state: Frick's Est., 277 Pa. 242; Blackstone v. Miller, 188 U. S. 189.

*Felix B. Snowden,* for appellee, cited: Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194; Weaver's Est., 110 Iowa 328.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 27, 1925:

George Hogg, domiciled in Pennsylvania, died intestate September 20, 1920, leaving certain tangible assets, among others, the live stock and implements on a ranch owned by him in Montana. By an original grant of letters in Montana, the personal estate there situated, consisting entirely of tangible property, was administered under the intestate laws of that jurisdiction; and, after payment of debts and inheritance taxes, distribution was made directly to those entitled. Later, decedent's widow, as administratrix of the estate of her husband, filed an inventory and account in Pennsylvania; and, on the insistence of the taxing authorities of this State, included therein, for purposes of taxation under the Act of June 20, 1919, P. L. 521, the amount of the Montana tangible personalty.

The only question presented for decision at the final audit in the court below was whether the personal tangible assets whose situs was in Montana, and which

were there subject to administration, distribution and taxation, could properly be taxed by Pennsylvania, the domiciliary state of decedent; the court held that these assets had never been "brought into Pennsylvania either as a fact or by inference," and were, therefore, not subject, for purposes of taxation, to the jurisdiction of this Commonwealth,

We need not discuss the reasoning by which the court below reached its conclusion, for, in view of the recent decision of the United States Supreme Court in Frick v. Pennsylvania, 000 U. S. 000, it is sufficient to say that the principles laid down in that case control the present appeal, and, thereunder, since the tangible property here involved was situated in another state, and there taxed, any attempt on the part of Pennsylvania to tax such personalty would be a violation of the "due process" clause of the XIVth Amendment to the Federal Constitution.

The decree is affirmed.