## Croxton's Estate.

*Transfer inheritance tax—Land in other states sold under testamentary direction — Equitable conversion — Frick v. Pennsylvania—Act of June 20, 1919.*

The proceeds of land outside of Pennsylvania sold by the executor of a deceased resident of the Commonwealth under a testamentary direction which works an equitable conversion, becomes subject to transfer inheritance tax under the Act of June 20, 1919, P. L. 521, on being brought within the jurisdiction for purposes of distribution.

Frick v. Pennsylvania, 45 Sup. Ct. Rep. 603, 69 U. S. (L. Ed.) 692, distinguished.

Exceptions to decree of the judge who sat at preliminary hearing, dismissing the appeal from the decision of the Register of Wills, assessing inheritance tax. O. C. Phila. Co., July Term, 1925, No. 2052.

*Powell, Ludlow & Schaeffer,* for exceptions; *Wm. M. Boenning,* contra.

VAN DUSEN, J., Jan. 8, 1926.—A Pennsylvania testatrix owned real estate in Ohio, which she directed her executor to sell, and she then distributed it as money. The executor took out ancillary letters in Ohio and sold the real estate. He now has the proceeds in his hands as executor at the domicile, to be ultimately accounted for to our courts and to be distributed by them. We attach no importance to the fact that the proceeds are also on deposit in a Pennsylvania bank. If the cases of Miller v. Com., 111 Pa. 321; Williamson's Estate, 153 Pa. 508; and Vanuxem's Estate, 212 Pa. 315, be still the law, inheritance tax must be paid in Pennsylvania.

It was argued that the decision of the Supreme Court of the United States in Frick v. Pennsylvania, 45 Sup. Ct. Rep. 603, also reported in 69 U. S.

(L. Ed.) 692, disclosed a view of the basis of the right to impose an inheritance tax which would compel us to disregard these decisions. This case holds that the State of Pennsylvania cannot levy an inheritance tax with respect to tangible objects such as furniture and objects of art which belonged to a Pennsylvania decedent, but were actually situated in other states and were distributed under the directions of the courts of those states without being brought into Pennsylvania. Our Supreme Court had upheld the tax in the Frick case (277 Pa. 242), on the ground that all personal property passes at death according to the law of the domicile, irrespective of actual *situs*, and they noticed that the Pennsylvania Act of 1919 taxed the privilege of transfer given by our laws and not the estate which was transferred, as had been done by prior laws. The Supreme Court of the United States denied the application of this rule to tangibles, saying: "The jurisdiction possessed by the states of the *situs* was not partial but plenary, and included the power to regulate the transfer both *inter vivos* and on the death of the owner, and power to tax both the property and the transfer. . . . The objection to the present tax is that both the property and the transfer were within the jurisdiction of other states and without the jurisdiction of the taxing state."

See, also, Hogg's Estate, 284 Pa. 1.

As a result of the Frick case, the maxim *"mobilia sequuntur personam"* must be abandoned as a proper basis for inheritance taxation of tangible personal property. No doubt some other fictions must meet the same fate, and the argument now made is that Miller *v.* Commonwealth and the other cases are founded on the fiction of conversion. But this is a mistake, as a reading of the opinions will show. The true ground of decision is that distribution is sought under our laws as a result of the directions of the testator, and that, therefore, part of the transfer takes place in this jurisdiction and is subject to tax. This was the .ground of decision in Craig's Estate, 27 Dist. R. 49, where land of a Pennsylvania decedent, situated in another state, was sold to pay debts by an ancillary administrator in that state and the balance of the proceeds was brought into Pennsylvania for distribution, and was held to be subject to tax. And the opinion in Frick *v.* Pennsylvania says: "It should be observed that here the property was administered in those courts, and none of it was taken to the domiciliary state."

In the present case, the proceeds must be brought to the domiciliary state, and we conclude that the law which is applicable to it is to be found in the decisions first cited, and that no change has been made by the Frick case. What the result would be if the beneficiaries had the right to elect to take the real estate in kind and had done so, we need not consider.

Easby's Estate, decided by the Supreme Court Jan. 4, 1926, does not conflict with this conclusion. That case held that intangible personal property of a non-resident which was finally distributed in ancillary proceedings in Pennsylvania, not at the request of the legatees, but of the accountant, was not subject to tax here. The opinion notices that the Act of 1919 taxes only certain property of a non-resident and that the property in question was not within the classes enumerated. But the Act of 1919 taxes all property of a resident "whether the property be actually within the Commonwealth or elsewhere." And this is effective as to all property which is not beyond our jurisdiction. As shown above, the property now in question has been brought within our jurisdiction by the act of the testatrix.

It was said that the executor was still subject to an ancillary accounting in Ohio. If there be deductions in Ohio which would reduce the net amount brought here, it was the duty of the taxpayer to show them. The tax is col-

lected by an original proceeding before the Register and need not await an accounting.

The exceptions to the decree of Nov. 18, 1925, are dismissed. The appeal of Gertrude Marvin Dodge from the assessment of transfer inheritance tax by the Register is dismissed, the assessment of tax by the Register is confirmed and the record is remitted to the Register.

THOMPSON, J., did not sit.