# Robinson's Estate.

*Taxation—Inheritance tax—Real estate in another state—Con-
version.*

1. Tangible property, real or personal, belonging to the estate
of a decedent, but actually located in another state of the Union
than that of the domicile of decedent, cannot lawfully be appraised
or taxed by the latter state, for inheritance tax purposes, on a
fiction or theory as to its location there.

2. Such rule applies to real estate although equitably converted
by the provisions of the decedent's will.

Argued January 12, 1926. Appeal, No. 131, Jan. T.,
1926, by A. Welling Wyckoff et al., executors and trus-
tees, from decree of O. C. Delaware Co., Sept. T., 1925,
No. 6, dismissing appeal from appraisement for in-
heritance tax by register of wills, in estate of Elizabeth

W. Robinson. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from tax appraisement of register of wills. Before HANNUM, P. J.

The opinion of the Supreme Court states the facts.

Appeal dismissed. A. Welling Wyckoff et al., executors, etc., appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Howard Lewis Fussell*, with him *John M. Broomall*, for appellants.—The case is ruled by Frick v. Com. 45 U. S. Supreme Ct. R. 603.

The fiction of equitable conversion should be held within the narrowest limits and not invoked where its application is at all doubtful: Chamberlain's Est., 257 Pa. 113; Schoen's Est., 274 Pa. 28.

*Harry J. Makiver*, and *Philip S. Moyer*, Deputy Attorney General, with him *George W. Woodruff*, Attorney General, for appellee.—The will of decedent worked a conversion of her Illinois real estate as of the time of her death: Chamberlain's Est., 257 Pa. 113; Dean v. Winton, 150 Pa. 227; Painter v. Painter, 220 Pa. 82.

A conversion of the Illinois real estate of decedent into personalty taking place at the time of her death, the same is subject to Pennsylvania transfer inheritance tax: Kirkpatrick's Est., 275 Pa. 271; Miller v. Com., 111 Pa. 321 Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194.

In Frick's estate, the theory on which taxation is here based was not present, and the court decided that, as Pennsylvania had no jurisdiction over the thing to be taxed, it contravened the constitutional provision.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 18, 1926:

This is an appeal by the executors and trustees under the will of Elizabeth W. Robinson, from a decree of the Orphans' Court of Delaware County, dismissing an appeal taken by the present appellants from the valuation of certain real estate, for transfer inheritance tax purposes, by the official appraiser appointed by the register of wills of that county.

The property in question is located in the State of Illinois, and it was appraised, for purposes of assessing the Pennsylvania transfer inheritance tax, at $144,025. Although, at the time of its valuation, this property, located in a foreign jurisdiction, belonged to the estate of decedent, and, so far as the present record shows, that is still the case, and although it was assessed by the official appraiser as "Real Estate," the court below took the view that the will of decedent worked a conversion, and hence, for transfer inheritance tax purposes, the property can and should be considered as money, or personal estate, located in Pennsylvania, subject to our tax, rather than as real estate in Illinois, exempt from our tax.

Appellants contend, on the other hand, (1) that the will before us did not work a conversion, and (2) that, even if a conversion can be found to exist, yet, under the decision of the Supreme Court of the United States in Frick v. Commonwealth of Pennsylvania, 45 Supreme Ct. 603, tangible property, real or personal, belonging to the estate of a decedent but actually located in another state of the Union than that of the domicile of decedent, cannot lawfully be appraised or taxed by the latter state, for inheritance tax purposes, on a fiction or theory as to its location there.

We have examined the various authorities cited in the opinion of the court below and in the briefs of counsel, on all the questions involved, but since we agree with the second of the above contentions and think that the Frick decision controls this case, a discussion of the

prior decisions, either of this court or of the Supreme Court of the United States, would serve no useful purpose.

It is true that the facts in Frick v. Pennsylvania are not precisely like those at bar, as the property there involved was personal estate, and, further, that many excerpts from the opinions in that case, both of this court and of the Federal Supreme Court, may be pointed to on which arguments can be based to show that the decision of the latter, reversing the former, does not control in the present instance; but we are convinced that the true rule to be deduced from the final decision in the Frick case is correctly stated in the second of appellants' contentions, supra.

In its opinion in Frick v. Pennsylvania (p. 604) the Federal Supreme Court phrased the main contention before it, and, therefore, the real point which it decided, thus: "In so far as the Pennsylvania statute attempts to tax the transfer of tangible property having an *actual* situs in states other than Pennsylvania, it transcends the power of that State, and thereby contravenes the due-process-of-law clause of the Fourteenth Amendment."

The domicile of the testator, Frick, was in Pennsylvania, where his will was probated, and under the laws of this State his widow, through his will, took tangible personal property, of great value, located in other states. In deciding that such property could not be taxed under the Pennsylvania statute, even on the theory that the right of inheritance rather than the property itself was the subject of the tax, the Federal Supreme Court said, inter alia (p. 605): "The tax was imposed on the transfer of tangible personalty having an actual situs in other states,—New York and Massachusetts. This property, by reason of its character and situs, was wholly under the jurisdiction of those states and in no way under the jurisdiction of Pennsylvania. True, its owner was domiciled in Pennsylvania, but this neither brought it under the jurisdiction of that State nor subtracted anything

from the jurisdiction of New York and Massachusetts; in these respects the situation was the same as if the property had been immovable realty." Here the prop-erty involved consists of "immovable realty" in Illinois, and, under the Frick decision, it cannot be changed by a fiction of law into money in Pennsylvania for purposes of taxation in this State.

In Hogg's Estate, 284 Pa. 1, this court recently stated what applies to the case now before us: "We need not discuss the reasoning by which the court below reached its conclusion, for, in view of the decision of the United States Supreme Court in Frick v. Pennsylvania, it is sufficient to say that the principles laid down in that case control the present appeal, and, thereunder, since the tangible property here involved was situated in an-other state, and there taxed, any attempt on the part of Pennsylvania to tax such personalty would be a viola-tion of the 'due process' clause of the XIVth Amendment to the Federal Constitution." It is only necessary to add that, whether the tangible property involved be realty or personalty, the rule set forth in the Hogg Case applies.

The ninth assignment of error, which complains of the decree of the court below dismissing the appeal from the appraisement for purposes of transfer inheritance tax, is sustained, the decree is reversed, and it is here directed that the valuation of the real estate located in Illinois be stricken from the appraisement.