## Croxton's Estate.

*Taxation—Inheritance tax—Conversion—Real estate in another state—Domicile.*

Where a Pennsylvania testatrix owned real property in another state which she directed should be sold, and the proceeds distributed as money, no inheritance tax can be charged thereon in Pennsylvania, and this is true whether or not the will of testatrix worked a conversion.

Argued December 2, 1926. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 284, Jan. T., 1926, by Gertrude Marvin Dodge, residuary legatee, from decree of O. C. Phila. Co., July T., 1925, No. 2052, affirming decision of register of wills assessing inheritance tax, in estate of Gertrude B. Croxton, deceased. Reversed.

Appeal from decision of register of wills. Before Van Dusen, J.

The opinion of the Supreme Court states the facts,

Decision affirmed.  Gertrude Marvin Dodge, residuary legatee, appealed.

*Error assigned* was decree, quoting record.

*F. G. Schaeffer,* of *Powell, Ludlow & Schaeffer,* for appellant, cited: Frick v. Com., 45 U. S. 69; Hogg's Est., 284 Pa. 1; Davidson v. Bright, 267 Pa. 580; Henszey's Est., 220 Pa. 212; Crozer's Est., 253 Pa. 15; S'choen's Est., 274 Pa. 28.

*William M. Boenning,* with him *Philip S. Moyer,* Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellee, cited: Kirkpatrick's Est., 275 Pa. 271; Craig's Est., 27 Pa. Dist. R. 49; de Noaille's Est., 21 Pa. Dist. R. 25; Galli's Est., 21 Pa. Dist. R. 763.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1927:

This is an appeal from a decree of the Orphans' Court of Philadelphia County, affirming a decision of the register of wills, assessing inheritance tax.  The facts in the case are tersely stated in the opinion of Judge VAN DUSEN, of the court below, thus: "A Pennsylvania testatrix owned real estate in Ohio, which she directed her executor to sell; she then [ordered it] distributed as money. The executor took out ancillary letters in Ohio and sold the real estate; he now has the proceeds in his hands as executor at the domicile, to be ultimately accounted for to our courts and to be distributed by them."  On this state of facts, the court erred in allowing the tax, and this is true whether or not the will of testatrix works a conversion; so we need not discuss that point.  All points of law here involved are fully disposed of in Robinson's Estate, 285 Pa. 308, and Com. v. Presbyterian Hospital, 287 Pa. 49; on those authorities—

The decree appealed from is reversed, costs to be paid out of the estate.