## Bollinger's Estate

Before Van Dusen, Stearne, Klein and Bok, JJ., and Marx, P. J., twenty-third judicial district.

*S. Lloyd Moore,* of *Moore, Gossling & Panfil,* for exceptants.

*Thomas McConnell, 3d,* contra.

VAN DUSEN, J., June 26, 1936.—The testatrix gave money legacies aggregating $7800. Her net personal estate at the time of her death was about $4000. She owned some real estate, and the executor has collected the rents and brought them into his account. The auditing judge struck out these rents on the ground that they had no place in an executor's account. The money legatees, desiring that these rents be applied to the deficiency in their legacies, have excepted on the ground that the will of the testatrix as applied to her estate has worked a conversion of the real estate.

The rents of real estate are not assets for the payment of legacies, even though the land is charged with the legacies, unless there is a conversion: Watt's Estate, 168 Pa. 431; Scott's Estate, 19 Dist. R. 643. The present will contains no direction to sell, but it does authorize the executor to sell real estate "for the purpose of paying my debts or legacies or for any other purpose whatever."

In Vanuxem's Estate, 212 Pa. 315, the personal estate was insufficient to pay money legacies. The will gave the

power to sell real estate when "necessary or expedient for any purpose of my estate, of administration, distribution or otherwise." It was held that the necessity to sell in order to pay money legacies worked a conversion. In Bennett's Estate, 29 Dist. R. 148, the will contained power of sale for the purpose of paying legacies, and it was necessary to sell real estate in order to pay them. Gest, J., in an adjudication, referred to Vanuxem's Estate, but rested his conclusion not so much on the doctrine of conversion as on the fact that the testatrix had "blended her real and personal estate in such a way that it follows as a necessary consequence that the interim rents are assets for the payment of the pecuniary legacies".

So far as the decision in Vanuxem's Estate depends upon the insufficiency of the personal estate to pay legacies, and the consequent necessity of selling some of the real estate, the conclusion has been discredited, and the view of Chief Justice Mitchell in his dissenting opinion has appeared in time to be the better view: See Chamberlain's Estate, 257 Pa. 113, 116, in which it is said:

"Mere blending of real and personal estate without a clear and indubitable intent to create a common fund and bequeath it as money, will not constitute a conversion: Lindley's App., 102 Pa. 235. Such blending will create a charge upon the land, but to produce a conversion there must also be an intent to bequeath the fund so created as money. As was said by Judge PENROSE:

" 'The question of conversion is to be determined from the will itself and is not affected by the accidental fact that the personal estate may prove insufficient for the payment of legacies.' Curry's Est., 19 Philadelphia 92.

"Conversion is a matter of intention and it must have been in the mind of the testator when the will was made."

In Reel's Estate, 272 Pa. 135, it is said at page 138:

"The only theory on which the change into personalty could be sustained would rest on an absolute necessity to sell for the purpose of paying debts and legacies. It is

argued that, in view of the small amount of personalty, the testatrix must have been conscious of the fact that the sale of her lands would be required; from this, an intention that this be done is inferred. 'The question of conversion is to be determined from the will itself, and is not affected by the accidental fact that the personal estate may prove insufficient for the payment of the legacies': Chamberlain's Est., supra."

And then the writer of the opinion adopts almost literally a sentence from the dissenting opinion in Vanuxem's Estate:

"The necessity must have been contemplated in order that the scheme of the will could be carried out, and not be merely a necessity as a matter of fact arising out of the actual circumstances of the estate after death."

It is interesting to note that Vanuxem's Estate further held that foreign real estate converted by the will became liable to inheritance tax in Pennsylvania. Chief Justice Mitchell dissented on this point also, and time has likewise justified this part of his dissent: Croxton's Estate, 288 Pa. 184.

We have no information as to the value of the real estate in this case, or whether all of it or only part of it will be needed to pay the legacies. The charge of money legacies upon land is sufficient to take care of the interests of the legatees as far as the whole estate, real and personal, will go, especially since section 17 of the Wills Act of June 7, 1917, P. L. 403, so charges money legacies in the absence of a direction to the contrary, and we need not resort to the fiction of conversion to help them. "The law does not favor a conversion, the presumption is against it": Chamberlain's Estate, supra.

We think that these quotations correctly state the law, and that Vanuxem's Estate is not to be followed. A power of sale for the purpose of paying legacies shows that the testatrix contemplated the possibility of the sale of some of her real estate in order to pay legacies. That is to say,

she charged the legacies on the land. But there is nothing in this to show that her real estate, all of it, is to go, as money, not only to the money legatees but to the residuary legatees. For this reason we are unable to agree with the conclusion in Bennett's Estate, supra. As said above in Chamberlain's Estate: "Mere blending of real and personal estate without a clear and indubitable intent to . . . bequeath it as money, will not constitute a conversion."

The exceptions are dismissed and the adjudication is confirmed absolutely.