## Feiler Estate

*Catherine R. Barone*, Deputy Attorney General, for Commonwealth.

*Francis X. Grabowski*, contra.

TAXIS, P. J., March 29, 1974.—This matter comes before the court by appeal from appraisement of inheritance tax. The appeal was filed on August 10, 1973, and raises a question of law.

Decedent died on June 27, 1965, leaving personal property and two pieces of real estate, one in Florida and one in Delaware. The will provided for certain specific legacies, a life estate for testatrix' mother, Gertrude B. Billger, and a remainder to her two brothers and her sister. Inheritance taxes were paid on the legacies and the life estate, the remainder not being taxed at that time.

The existence and value of the real estate were disclosed on the inheritance tax inventory, but the tracts were not included among the taxable assets on the original appraisement. During the administration of the estate and prior to the adjudication of the executrix' account, the real estate was sold and the proceeds thereof were later added to the corpus of the trust.

The life tenant died on November 24, 1971, so that the trust principal is now distributable. This controversy has arisen solely because the Commonwealth has assessed tax on the entire value of the outgoing principal, including the portion thereof representing the proceeds of the out-of-state real estate.

Preliminarily, the Commonwealth contends that the appeal was not taken in time, but since section 1001 of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, 72 PS §2485-1001, fixes the time for appeal as 60 days after *receipt* of notice, this is a factual matter, and the Commonwealth has not shown that this requirement was not met. The appeal was

filed 65 days from the date of the notice, but we will not presume that it must have been received in two days, as the Commonwealth argues. In any event, the answer of the Commonwealth, in paragraph 1, admits the allegation of the appeal that such notice was received on June 12, 1973, which was 59 days prior to the date of the appeal.

The Commonwealth mainly relies upon section 506 of the Act of 1961, supra, which provides that the tax due on a future interest shall be computed on the value of the interest when it takes effect in possession and enjoyment, unless such tax is prepaid. The Commonwealth does not here contend that the real estate was subject to tax at the date of death, and, therefore, we need not discuss whether testatrix' direction contained in her will, to sell the real estate, affects the case; although, it is fairly clear that out-of-state real estate is not made taxable by such a testamentary provision alone: section 102(17)(iii) of the Act of 1961, supra, and comment thereto; Robinson's Estate, 285 Pa. 308. The Commonwealth argues rather that after the sale and conversion of the realty, the proceeds were an intangible, entitled to and receiving the protection of Pennsylvania law, and ". . . that the decedent by creating the residuary trust intended all assets, the res of the trust, to become part of his estate for tax purposes." Nothing in the record, however, supports such a statement or presumption; it would be a rare taxpayer who would knowingly volunteer to pay taxes if they could be avoided.

The problem with the Commonwealth's position is that the present issue is not one of valuation at all, but of taxability. There is no dispute whatever as to the *value* of any of the assets in the trust. Section 506 deals only with the time and manner of valuing assets for purposes of computing the tax due on them; it has

nothing whatever to do with the problem of whether assets are taxable in the first place, or are exempt.

By both statute and case law, inheritance tax liability attaches at the moment of the death of decedent. Valuation of assets which are taxable may occur at a different time, but not the determination of taxability. Under article II of the Act of 1961, supra, transfers subject to inheritance tax are those which occur by will, intestacy or lifetime transactions which, in effect, become permanent and absolute at the donor's death. Nowhere in the act does it appear that exempt property can later become taxable because of some change in its form, or for any other reason.

It has been held that the liability for inheritance tax arises at the death of a decedent: Jewell's Estate, 235 Pa. 119, 123; Shugars v. Chamberlain Amusement Enterprises, Inc., 284 Pa. 200, 206. It is true that these decisions concerned disputes over the time and method of taxing future interests. See also Kerr Estate, 26 D. & C. 2d 130. But the reason for the rule applies also to this case. Real property owned by decedent was located beyond the boundaries of Pennsylvania at her death, and by applicable law was, therefore, exempt from tax. A subsequent conversion of the form of the asset from real property to personalty cannot change the rule that taxability is determined at decedent's death.

Suppose the executrix or trustee had used personal assets of the trust during its administration to purchase foreign real estate as an investment; would the Commonwealth concede at the time of final distribution that no tax could be assessed or collected upon the value of such real estate? We think it would not, and properly so. And we, therefore, hold that the rule involved must work both ways. It is also apparent that the Commonwealth's position could well result in

double inheritance taxation of the value of the out-of-state realty, since the right and power of the foreign states to tax the real property of a nonresident decedent could not be affected by Pennsylvania law. "Our rule ought to be not to subject our citizens to the possibility and danger of a double tax": Paul's Estate, 303 Pa. 330, 335.

The appeal is sustained, and the assessment of inheritance tax upon the proceeds of the converted Florida and Delaware real property in this estate is hereby stricken.